275 So.2d 52 (1973)
David S. HEDDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 73-65.
District Court of Appeal of Florida, Second District.
March 14, 1973.
Morton A. Goldberg, of Goldberg, Rubinstein & Buckley, Fort Myers, and Gordon, Grandoff & Maney, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, Charles Corces, Jr. and Frank B. Kessler, Asst. Attys. Gen., Tampa, for appellee.
BOARDMAN, Judge.
This cause is before the court on motion to admit to bail and review of order of the trial court denying bail.
Appellant, David S. Hedden, was tried and convicted of murder in the first degree. He was properly sentenced to life imprisonment. See Fla. Stat. § 775.082(2), F.S.A., Donaldson v. Sack, Fla. 1972, 265 So.2d 499, and Anderson v. State, Fla. 1972, 267 So.2d 8. He applied to the trial court for supersedeas bond pending appeal. His application was denied. Appellant, through his attorney, timely filed his notice of appeal in this court from the judgment and sentence of the trial court.
We are confronted with the application of appellant to admit him to bail pending his appeal and to review the order of the trial court denying his application for bail. According to the order of the trial court, the application was denied for the following reasons:
"That Defendant's Motion for Setting of Supersedeas Bond be and the same is *53 hereby denied based on the Florida Supreme Court Case Donaldson vs. Sack cited at 265 S2nd 499 (1972), and Article I, Section 14, Florida Constitution."
As prescribed in Rule 6.15, subd. d of FAR, 32 F.S.A., a transcript of the proceedings in the trial court concerning bail pending appeal is attached as Exhibit A to the appellant's motion to admit to bail. During the bail proceedings, the court stated, on page 26 thereof:
"Therefore, it is my position that I have no authority to grant bail... ."
The sole question for consideration by this court is whether, on the reasons given, the denial of the bail bond by the trial court was proper.
We have carefully reviewed the order of the trial court and the transcript of the proceedings seeking bail, and the memorandum in support of the denial of bail pending appeal filed in behalf of the State of Florida. Likewise, we have read the motion to admit to bail and the motion to strike said motion. We deny the motion to strike.
As we interpret and construe the order of the trial court and analyze the transcript of the bail proceedings, it appears to us that the able judge reached the conclusion that because of the sentence imposed upon appellant, i.e., mandatory life imprisonment, under the applicable statute he was without authority to admit appellant to bail. This decision was reached by the trial judge as stated in the denial order in view of Donaldson, supra, and Fla. Const., art. I, § 14, F.S.A.
We are obliged to respectfully disagree and find that the trial court does have the discretion in this case to grant bail (see Stalnaker v. State, 1936, 126 Fla. 407, 171 So. 226 and Gray v. State, Fla. 1951, 54 So.2d 436) and has not lost the authority to do so, notwithstanding, Furman v. Georgia, 408 U.S. 238 (1972), wherein the death penalty was abolished. We do not believe that Donaldson, supra, or Fla. Const., art. I, § 14, divests the trial court from exercising his discretion in granting or denying bail after conviction in cases where the punishment is mandatory life imprisonment.
For, as we read Donaldson, supra, the Supreme Court of Florida, 265 So.2d page 504, held:
"The constitutional and statutory provisions for bail do not change by the elimination of `capital offense' because the constitutional provision in art. I, § 14, for bail, limits the right to bail not only as to those `charged with a capital offense' but continues `or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great.' ..."
Section 14, art. I, Declaration of Rights, Fla. Const. of 1968 F.S.A. provides, to wit:
"Until adjudged guilty, every person charged with a crime or violation of municipal or county ordinance shall be entitled to release on reasonable bail with sufficient surety unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great."
The Supreme Court of Florida construing the provisions of art. I, § 14, supra, in the case of Wells v. Wainwright, Fla. 1972, 260 So.2d 196 (p. 197) decided:
"The constitutional right to bail as provided for in Section 14, Article I, Declaration of Rights, Florida Constitution of 1968, F.S.A., applies only prior to adjudication of guilt. Thereafter bail becomes discretionary with the court, however, this discretion is not unlimited and must be exercised within the guidelines established by case law and adopted by rule. Younghans v. State, Fla. 1956, 90 So.2d 308; F.A.R. 6.15, 32 F.S.A. (providing that application for bail pending appeal will be tested by the principles of Younghans)."
*54 Admittedly, the statute under which the life sentence was imposed in Wells, supra, is not the same statute that the sentence of life imprisonment was imposed in this case.
Accordingly, we are of the opinion that the order here for review must be set aside with directions that the application for bail be reconsidered at a hearing before the trial court in accordance with the standards in Younghans v. State, Fla. 1956, 90 So.2d 308. The appellant's "MOTION TO ADMIT TO BAIL" filed in this court is denied without prejudice.
MANN, C.J., and HOBSON, J., concur.