ON REHEARING GRANTED
McCAIN, Justice.
This cause is before the Court upon a timely petition for writ of certiorari to the Industrial Relations Commission pursuant to Florida Constitution Art. V, Sec. 3(b)(3), F.S.A.
Petitioner sustained back injuries in an accident on December 18, 1969. Petitioner made a claim for temporary total or permanent total disability benefits. Respondent contended that claimant had reached his maximum medical improvement, without benefit of surgery, on May 20, 1970, and admitted the petitioner’s disability rating was 25% of the body as a whole and denied permanent total disability.
The Judge of Industrial Claims held that, while not able to work as an electrician, claimant should be able to work at light bench work or selling. The JIC also held that while not permanently and totally disabled, claimant’s wage earning capacity loss was equal to 55% permanent partial disability of the body as a whole. The JIC also awarded temporary total disability up until May 20, 1970, the date of maximum medical improvement, awarded attorney’s fees, and other benefits not contested here. The Industrial Relations Commission affirmed the order of the Judge of Industrial Claims.
In this case, the claimant made an evi-dentiary showing that he was industrially unemployable, that is, that he has sustained injuries of such a nature so as to totally lose his wage earning capacity. The Judge refused to accept this for some unknown reason and the employer did not come forward to make a showing that suitable employment was available within the scope of the claimant’s capacity or physical ability to perform such work.
This Court in Taylor v. Brennan Construction Company, 143 So.2d 320 (Fla.1962) reaffirmed the decision in Earley v. Philadelphia & Reading Coal & Iron Co., 144 Pa.Super. 301, 19 A.2d 615, which well stated the distinction between permanent partial and total disability. This Court stated:
“. . . The Pennsylvania court held that as regards persons so injured as not to be able uninterruptedly to do even light work, it was incumbent upon the defendant to show that suitable work was available ‘otherwise a claimant [was] entitled to total disability.’ If the respondents fail to meet the burden, the deputy commissioner should hold that the petitioner is totally permanently disabled.”
*350 In reviewing the record in this case, we find that the respondent failed to show any work suitable for the claimant in his disabled state. Requiring the JIC to consider such a criterium is not novel, for this Court in Walker v. Electronic Products & Engineering Co., 248 So.2d 161 (1971) meticulously set out a list summarizing the criteria by which loss of earning capacity may be measured. These criteria include:
“(1) Extent of actual physical impairment;
“(2) Claimant’s age;
“(3) Industrial history;
“(4) Education of claimant;
“(5) Inability to obtain work of a type which claimant can perform in light of his after-injury condition;
“(6) Wages actually being earned after the injury (a factor entitled to great weight);
“(7) Claimant’s ability to compete in the open labor market the remainder of his life, including the burden of pain, or inability to perform the required labor;
“(8) Claimant’s continued employment in the same employ.”
It is apparent that the fifth criterium includes the requirement set out in the Taylor case supra. In failing to consider this element in the determination of the claimant’s status, error was committed.
 The final question before this Court is the determination of attorney’s fees. The holding of this Court in Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (1968) states:
“. . .In the absence of a stipulation fixing the dollar amount, the burden is on the moving party to show by appropriate proof, through testimony, depositions, affidavits or otherwise, the services and benefits which he has rendered and to which he is reasonably entitled.”
Sub judice nothing was submitted and no stipulation as to the dollar amount of the fee was made. Even though it was the petitioner’s duty to submit the appropriate evidence on this question, the fact remains that the record is void of competent substantial evidence to support the award of attorney’s fees.
Therefore, the decision of the Industrial Relations Commission is reversed and remanded to proceed consistent with this opinion.
It is so ordered.
ERVIN, ADKINS and DEKLE, JJ., concur.
ROBERTS, J., concurs in part and dissents in part with opinion, in which CARLTON, C. J., and BOYD, J., concur.