PER CURIAM.
Appellant contends that the judge of industrial claims erred in finding that she sustained only a 75% permanent partial disability due to a loss of wage earning capacity. After carefully considering the record and the briefs in this case, we agree with the appellant that the order is in error.
The basic controversy between the parties concerns the appellant’s ability to secure and hold employment in the open labor market in light of her physical disabilities. The order finds that the appellant is severely limited, but further states “I do feel that there is possibly some type of part-time work in which the claimant could become engaged.”
The appellant presented uncontroverted evidence that she is unable to work even part-time. Her treating physician testified that the appellant was, anatomically, totally disabled. His opinion was that she would be unable to work on either a full or part-time basis because any activity would likely activate some part of her body that had been affected by her injuries.
The 65 year old appellant testified that walking was painful, sitting for any length of time was painful, and that she could not perform her own housekeeping chores without assistance. She attempted, on two separate occasions, to return to work as a secretary/bookkeeper. On both occasions, she was unable to continue working because of increasing symptoms. The vocational re *260 habilitation nurse’s report indicated that the type of work the appellant attempted to return to without success would be as sedentary as she would be able to find on the open labor market.
Although the testimony in evidence as to the appellant’s testing of the labor market discloses a minimal effort, -we conclude that her job search sufficiently comports with her abilities and restrictions. Matera v. Gautier, 133 So.2d 732 (Fla.1961). The burden was therefore shifted to the employer to show that suitable work was in fact available. Mahler v. Lauderdale Lakes, 322 So.2d 507 (Fla.1975). However, the employer here failed to present any evidence of available employment suitable for the appellant in her disabled state. There is accordingly no competent, substantial evidence to support the speculative conclusions, supra, that the appellant was capable of some minimal part-time work.
Additionally, we note that neither the order nor the record indicates that any specific issue was raised or resolved as to merger or apportionment of disability, although the order refers to appellant’s preexisting congenital hip and leg condition. The employer claimed and the judge awarded an offset pursuant to § 440.15 5(c), Florida Statutes (1978), for compensation paid for appellant’s impairment due to a previous industrial accident, but our disposition of the appeal in favor of appellant’s claim for permanent total disability on this record will require rejection of that offset because the provision in terms applies only to successive awards for permanent partial disability. Galt Ocean Mile Hotel v. Burton, IRC Order 2 — 2955, cert. dismissed, 336 So.2d 600 (Fla.1976).
We conclude for reasons above stated that the denial of permanent total disability benefits in this case was erroneous. Kaplan v. Lowry Electric Company, 293 So.2d 348 (Fla.1974). The order dated May 22, 1979, is reversed and this cause is remanded for the entry of a further order on the merits consistent with this opinion.
SHAW and WENTWORTH, JJ., concur.
BOOTH, J., dissents.