John Arthur MacLEAN, Petitioner,

v.

William F. ROUSE, Respondent.

No. 80–6541–CIV–JAG.

United States District Court,
S. D. Florida, N. D.

Jan. 30, 1981.

Kenneth E. Delegal, Fort Lauderdale, Fla., for petitioner.

Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, Fla., for respondent.

## OPINION AND ORDER

GONZALEZ, District Judge.

THIS CAUSE is before the court upon a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 *et seq.* and Respondent's Response to this court's Order to Show Cause.

Petitioner seeks federal habeas corpus review by this court of the state trial court's denial of his motion for release pending appeal plus the affirmance of that denial by the Florida Fourth District Court of Appeal.

On March 27, 1980 petitioner was sentenced in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, in three separate criminal proceedings.

In case number 79–2271 CF petitioner was *tried* and convicted on one count of robbery and one count of burglary. For each count the trial court sentenced him to a term of confinement in state prison for fifteen (15) years with credit for time served, the sentence on each count to be concurrent.

In case number 79–2621 CF petitioner entered a plea of guilty to a burglary charge and was sentenced to a term of fifteen (15) years to run concurrent with the sentence imposed in case number 79–2271 CF.

In case number 79–2863 CF petitioner plead guilty to four counts of burglary. He was sentenced to a term of fifteen (15) years as to each count, to be served concurrently with each other and with the terms imposed in cases 79–2271 CF and 79–2621 CF.

Petitioner's direct appeals were consolidated for appellate purposes. In conjunction with his appeals, petitioner filed a motion for post-trial release with the trial court.

On April 24, 1980 at a hearing held before the Honorable Leroy H. Moe, the trial court found that the cases in which petitioner entered guilty pleas were not appealable, and hence post-trial release was precluded. The trial court then considered whether post-trial release in the remaining case, 79–2271 CF wherein petitioner had been tried and convicted, was appropriate. The court held that petitioner having been convicted of a felony within the meaning of Florida Rule of Criminal Procedure 3.691(a) was not entitled to bond pending appeal.

Petitioner thereupon appealed the denial of his motion for bond pending the outcome of his appeals. By order dated August 18, 1980 the Fourth District Court of Appeal affirmed the lower court's rulings.

Petitioner is now before this court, seeking review of the state court decisions and requesting post-trial release pending appellate review of his state convictions.

The basis of this Petition for Writ of Habeas Corpus is Florida Rule of Criminal Procedure 3.691(a), captioned Post-Trial Release, which provides, in pertinent part, as follows:

(a) All persons who have been adjudicated guilty of the commission of any offense, not capital, may be released, pending review of the conviction, at the discretion of the trial or appellate court, applying the principles enunciated in *Younghans v. State*, 90 So.2d 308 (Fla.

1956), provided, that no person may be admitted to bail upon appeal from a conviction of a felony unless the defendant establishes that the appeal is taken in good faith, on grounds fairly debatable, and not frivolous; provided that in no case shall bail be granted if such person has previously been convicted of a felony, the commission of which occurred prior to the commission of the subsequent felony, and such person's civil rights have not been restored...

Petitioner challenges the constitutionality of Rule 3.691(a) asserting that: (1) the rule is violative of the Due Process Clause of the Fourteenth Amendment because it establishes an "irrebuttable presumption" of an appellant's non-appearance at court proceedings when his presence is required; and, (2) that it violates the Eighth Amendment's prohibition against cruel and unusual punishment.

Prior to examining the merits, the court must first address the preliminary issue of whether the Petition is moot by virtue of the Fourth District Court of Appeal's order dismissing the appeals wherein sentence was imposed pursuant to guilty pleas. (The appeal of case number 79–2271 CF apparently remains pending.)

It is well settled that "federal courts are without power to decide questions that cannot affect the rights of litigants before them." *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971). This principle is derived from the requirement of Article III of the Constitution that judicial power may only be exercised upon the existence of a "case or controversy." *DeFunis v. Odegaard*, 416 U.S. 312, 316, 94 S.Ct. 1704, 1705–06, 40 L.Ed.2d 164 (1971) (per curiam); *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3, 84 S.Ct. 391, 394 n.3, 11 L.Ed.2d 347 (1964).

Petitioner herein appealed his guilty pleas on the grounds, *inter alia*, that: (1) he was not competent to enter them, and (2) did not comprehend the consequences of his pleas. The State of Florida successfully moved to dismiss these appeals relying upon

*Robinson v. State,* 373 So.2d 898 (Fla.1979). The Florida Supreme Court there held that where a guilty plea has been entered, there is only an exclusive and limited class of issues which are the proper subject of an appeal. Attacks on the voluntary and intelligent character of the plea should be presented to the trial court pursuant to a motion to withdraw plea, a direct appeal following imposition of sentence being improper. 373 So.2d at 902. (An adverse ruling on the motion to withdraw plea would, of course, then be subject to review on direct appeal.)

Respondent maintains that since petitioner is presently lawfully incarcerated as a result of those guilty pleas "he is *ipso facto* not eligible for release pending appeal from those cases, and consequently he is not entitled to consideration of his post-trial release claim in federal habeas regarding the case which went to trial and resulted in a conviction." (Respondent's Response to Order to Show Cause at 3).

In support thereof respondent relies upon the *McNally* doctrine which provides that "if a prisoner is detained lawfully under one count of the indictment he cannot challenge the lawfulness of a second count on federal habeas." *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), citing *McNally v. Hill,* 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934).

Respondent's reliance on the *McNally* doctrine is misplaced. In *Peyton v. Rowe,* 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968) the Court in overruling *McNally,* held that a prisoner serving consecutive sentences was "in custody" for purposes of federal habeas relief. See also *Walker v. Wainwright,* 390 U.S. 335, 88 S.Ct. 962, 19 L.Ed.2d 1215 (1968) (the central function of habeas corpus is to test the legality of a prisoner's current detention; it is immaterial that another prison term awaits the petitioner should his challenge to the current detention be successful).

In the instant case, the appellate court's dismissal was not based on the substance of the issues presented, but rather on the procedure used to present those issues. Inasmuch as petitioner is not foreclosed in the future from challenging his pleas of guilty by means of a motion in the trial court, and inasmuch as petitioner's direct appeal of his trial and conviction remains pending, a justiciable controversy remains as to petitioner's right to post-trial release pending appellate review by the Florida courts. That issue this court is impowered to decide.

As noted, the merits of the instant petition present two issues: (1) whether Rule 3.691(a) of the Florida Rules of Criminal Procedure creates an irrebuttable presumption that sweeps so broadly that it offends the Due Process Clause of the Fourteenth Amendment; and (2) whether Rule 3.691(a) violates the Eighth Amendment's prohibition against cruel and unusual punishment.

In *Vlandis v. Kline,* 412 U.S. 441, 446, 93 S.Ct. 2230, 2233, 37 L.Ed.2d 63 (1973) the Court noted that "permanent irrebuttable presumptions have long been disfavored under the Due Process Clauses of the Fifth and Fourteenth Amendments." At the heart of the doctrine lies the requirement that the Government "act on an individualized basis, with general propositions serving only as rebuttable presumptions or other burden-shifting devices." *United States Department of Agriculture v. Murry,* 413 U.S. 508, 518, 93 S.Ct. 2832, 2837, 37 L.Ed.2d 767 (1973) (Marshall, J., concurring).

The Court has expressed concern over the doctrine's potential to serve as a "virtual engine of destruction" for countless judgments which have heretofore been thought wholly consistent with the Fifth and Fourteenth Amendments to the Constitution. *Weinberger v. Salfi,* 422 U.S. 749, 772, 95 S.Ct. 2457, 2470, 45 L.Ed.2d 522 (1975). To prevent this judicial intrusion into the governmental process the common denominator in decisions overturning state statutes and regulations is (1) the application of the doctrine only where an "intermediate" or "strict" level of judicial scrutiny was warranted either by the presence of an important liberty or benefit; or (2) by the involvement of a sensitive classification. See *id.* at 772, 95 S.Ct. at 2470. See also L. Tribe, American Constitutional Law § 16–

32, at 1095–96. Where either of these elements is absent, a more relaxed standard is appropriate and greater deference is accorded the legislative or regulatory enactment. See *Salfi*, 422 U.S. at 772, 95 S.Ct. at 2470.

Petitioner submits that *Escandar v. Ferguson*, 441 F.Supp. 53 (S.D.Fla.1977) is controlling and dispositive. In *Escandar* the court was confronted with a constitutional challenge to Florida's *pre-trial* bail procedure as interpreted by the Florida courts and as applied to petitioners who were charged with two life felonies.

Article I, Section 14 of the Florida Constitution[1] and Florida Rule of Criminal Procedure 3.130(a)[2] provide that an accused who is charged with a crime other than a capital offense or one punishable by life imprisonment has an absolute right to reasonable bail with sufficient surety. *Gallagher v. Butterworth*, 484 F.Supp. 1278 (S.D.Fla.1980).

The court in *Escandar* held, *inter alia*, that these provisions, as interpreted by the Florida courts and as applied to petitioners, created an irrebuttable presumption that one charged with a life felony would not appear in court when his presence was required. The court found such presumption not "necessarily or universally true in fact", and held that a hearing would provide a reasonable means to make the crucial determination. *Id.* at 59–60, citations omitted.

Petitioner's reliance on *Escandar* and the irrebuttable presumption doctrine is not well founded.

The Florida Supreme Court in *Gallie v. Wainwright*, 362 So.2d 936 (Fla.1978), correctly rejected the argument that Rule 3.691(a) and Section 903.132(1), Florida Statutes (1977)[3] were unconstitutional.

■ In *Gallie*, the Florida court properly distinguished between the Florida *pre-trial* bail procedure held in *Escandar* to impinge on fundamental rights, 362 So.2d at 941; and the Florida post-trial bail procedure pending appeal. Clearly, as stated in *Stack v. Boyle*, 342 U.S. 1, 4, 72 S.Ct. 1, 3, 96 L.Ed. 3 (1951), "[u]nless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning." A heightened level of judicial review is therefore required prior to trial. See *Gallie*, 362 So.2d at 942–44. In contrast, petitioner here has been tried and convicted. Moreover he has entered pleas of guilty to a number of separate offenses the validity of which have yet to be reviewed in state court. He has no absolute constitutional right to be released pending appeal. *Finetti v. Harris*, 609 F.2d 594 (2d Cir. 1979); *Ballard v. Texas*, 438 F.2d 640 (5th Cir. 1971); *King v. East*, 451 F.Supp. 453 (N.D.Miss.1977).

The appropriate level of review is, therefore, the "reasonableness" standard which requires a rational means of achieving a legitimate governmental objective, *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). This court concurs in the judgment of the Florida court in *Gallie:*

> (There is) nothing irrational about the legislature's judgment that the likelihood of further criminal activity or flight from prosecution in the case of repeat felony offenders whose civil rights have not been restored is sufficiently great that the public interest could be effectively

1. Bail—Until adjudged guilty, every person charged with a crime or violation of municipal or county ordinance shall be entitled to release on reasonable bail with sufficient surety unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great.

2. Offenses Less Than Capital—All persons in custody for the commission of an offense unless it is a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great shall be

entitled as of right to be admitted to bail before conviction. After conviction bail may be granted in the discretion of either the trial or appellate court.

3. The statute as well as Rule 3.691(a) provide as follows: in no case shall bail be granted if such person has previously been convicted of a felony, the commission of which occurred prior to the commission of the subsequent felony, and such person's civil rights have not been restored.....

protected only by an absolute prohibition against their release after conviction. 362 So.2d at 944, footnote omitted.

Furthermore, it is reasonable for the state to have concluded that "the expense and other difficulties of individual determinations justified the inherent imprecision of a prophylactic rule." *Salfi,* 422 U.S. at 777, 95 S.Ct. at 2472–73.

The court concludes that the conclusive presumption created by Rule 3.691(a) does not offend the Due Process Clause of the Fourteenth Amendment.

 The second issue raised by the instant petition is whether Rule 3.691(a) violates the Eighth Amendment's prohibition against the infliction of cruel and unusual punishment. Petitioner contends that the denial of post-trial release by virtue of a prior conviction subjects the individual to summary punishment in addition to that already given for the previous conviction.

In *Ingraham v. Wright,* 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) the Court traced its prior decisions which considered the scope of the Eighth Amendment and concluded that there are three ways by which the Eighth Amendment circumscribes the criminal process. "First, it limits the kinds of punishment that can be imposed on those convicted of crimes; second, it proscribes punishment grossly disproportionate to the severity of the crime; and third, it imposes substantive limits on what can be made criminal and punished as such." *Id.* at 667, 97 S.Ct. at 1410, citations omitted. See *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 1136–38, 63 L.Ed.2d 382 (1980).

The court has already noted the well established rule that there is no absolute constitutional right to bail pending appeal. The denial of bail pending appeal of a felony conviction by virtue of a previous felony conviction does not fall within any of the categories of protection afforded by the Eighth Amendment.

Florida's prohibition of bail to a convicted felon who has previously been convicted of a felony, does not constitute "cruel and unusual punishment," nor is it punishment added to the original conviction. Rule 3.691(a) merely provides a conclusive presumption that certain individuals will be unreasonable bail risks pending their appeals.

Accordingly, the rule is not constitutionally infirm based upon either the Due Process Clause of the Fourteenth Amendment or the Eighth Amendment.

It is, therefore, ORDERED AND ADJUDGED as follows:

1) That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be and the same is hereby DENIED.

2) That this cause be and the same is hereby DISMISSED.