394 So.2d 1059 (1981)
Douglas McArthur ROWE, Appellant,
v.
STATE of Florida, Appellee.
No. WW-161.
District Court of Appeal of Florida, First District.
February 27, 1981.
James L. Harrison of Harrison & Porter, Jacksonville, for appellant.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.

On Motion
PER CURIAM.
The state petitions for a writ of certiorari to review the order of the trial court admitting Rowe to bail pending appeal after he was convicted of first degree murder and sentenced to life imprisonment. Pursuant to Florida Rules of Appellate Procedure 9.040(c) and 9.140(e)(4) we treat the petition as a motion to review the order.
The state argues that under Fla.R. Crim.P. 3.691 (1977) the trial court has no discretion to grant bail to a person convicted of a capital offense. The defendant urges that the rule, interpreted in light of Stalnaker v. State, 126 Fla. 407, 171 So. 226 (1936), Gray v. State, 54 So.2d 436 (Fla. 1951) and Hedden v. State, 275 So.2d 52 (Fla.2d DCA 1973), leaves discretion in the trial judge when one charged and convicted of a capital offense is sentenced to life imprisonment. Defendant further urges that Section 924.065(3), Florida Statutes (1979), authorizes judicial discretion to grant bail for all appellants other than those who have been sentenced to death.
Rule 3.691 states:
"(a) All persons who have been adjudicated guilty of the commission of any offense, not capital, may be released, pending review of the conviction, at the discretion of either the trial or appellate court, applying the principles in Younghans v. State, 90 So.2d 308 (Fla. 1956)... ."
Because we find no ambiguity in the language of the rule, we are compelled to conclude that the trial court does not have discretion to grant bail pending appeal to those convicted of a capital offense even if sentenced to life imprisonment.
When construing court rules, the principles of statutory construction apply. Syndicate Properties, Inc. v. Hotel Floridian Company, 94 Fla. 899, 114 So. 441 (1927); Bryan v. State, 94 Fla. 909, 114 So. 773 (1927). Where the language to be construed is unambiguous, it must be accorded its plain and ordinary meaning. Carson v. Miller, 370 So.2d 10 (Fla. 1979), Reino v. State, 352 So.2d 853 (Fla. 1977). Here, the language used indicates a clear intention to limit the discretion of the trial judge as to those persons convicted of a capital offense. The only ambiguities arise from the attempt *1060 to impose upon this plain language decisions which are inapplicable. Both Stalnaker and Gray were decided long before the Florida Rules of Criminal Procedure were enacted and at a time when, under the common law, post conviction bail was entirely discretionary with the trial court. Younghans v. State, 90 So.2d 308 (Fla. 1956). Fla.R.Crim.P. 1.130[1] (1967), now Rule 3.691, formalized this discretion. However, by modifying "an offense" with the words "not capital" the court eliminated discretion as to capital offenders. The court is presumed to know the existing law and procedures, Stanfill v. State, 360 So.2d 128 (Fla.1st DCA 1978), and since the rule represents a clear departure from past practice, we must conclude the court intended the change.
Hedden v. State, 275 So.2d 52 (Fla.2d DCA 1973) has been interpreted in the federal courts as allowing bail pending appeal to those convicted of capital offenses but sentenced to life imprisonment. Escandar v. Ferguson, 441 F. Supp. 53 (S.D.Fla. 1977); Powers v. Schwartz, 448 F. Supp. 54 (S.D. Fla. 1978), Rev'd other grounds, 587 F.2d 783 (5th Cir.1979). We cannot agree with this interpretation. When Hedden was decided, capital punishment had been abolished by the U.S. Supreme Court. Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). In Donaldson v. Sack, 265 So.2d 499 (Fla. 1972), the Florida Supreme Court, analyzing Furman's impact on various aspects of the criminal justice system, concluded Furman did not affect the statutory or constitutional provisions regarding pretrial bail because the limitations in Article I, Section 14, Florida Constitution, extended to those charged with an offense punishable by life imprisonment. Although the court did not discuss the impact of Furman on post conviction bail as provided for in Fla.R. Crim.P. 3.691 (1972), the rationale of the Donaldson analysis is that without capital punishment there are no capital offenses and all of the appurtenant substantive and procedural regulations have no effect. Reino v. State, 352 So.2d 853 (Fla. 1977). Under this analysis then, when Hedden was decided, there were no capital offenses and Rule 3.691 (1972) would have allowed the trial court to grant bail to persons convicted of first degree murder but sentenced to mandatory life.
Finally, we are not persuaded that Section 924.065(3), Florida Statutes (1979), restores this discretion to the trial court. Section 924.065(3), Florida Statutes (1979), states: "An appellant who has been sentenced to death shall not be released on bail." Presumably then, defendant argues, by implication all other appellants shall, or at least may be admitted to bail pending appeal. However, reading this section in pari materia with Section 903.132, Florida Statutes (1979), it is apparent that the legislature did not so intend. Prior to 1976, Rule 3.691 (1972) allowed the trial court discretion with regard to post conviction bail even if the person previously had been convicted of a felony. The legislature, in 1974, attempted to eliminate this discretion by Section 903.132 prohibiting the release on bail of an appellant who had previously been convicted of a felony. In Bamber v. State 300 So.2d 269 (Fla.2d DCA 1974), the court ruled that the rule superseded the statute. See also, Rolle v. State, 314 So.2d 624 (Fla.1st DCA 1975). Subsequent to these decisions, the legislature, Chapter 76-138, Section 2, Laws of Florida by appropriate vote repealed the provisions of the rule insofar as they were inconsistent with the statute. In so doing, the legislature left intact the portion of the rule which eliminated discretion as to convicted capital offenses. Had the legislature intended that the court have this discretion, it could have also repealed the relevant portions of the rule. We decline to imply such an intention from Section 924.065(3), Florida Statutes (1979).
The following question is certified to the Florida Supreme Court as one of great public importance, Rule 9.030(a)(2)(A)(v), Florida Rules of Appellate Procedure:

*1061 Does Fla.R.Crim.P. 3.691 prohibit the granting of bail pending appeal to a person convicted of a capital offense when that person is sentenced to life imprisonment?
The order granting bail is REVERSED.
MILLS, C.J., and BOOTH and SMITH, JJ., concur.
NOTES
[1] "(a) Offenses Less Than Capital

All persons in custody for the commission of an offense, not capital, shall before conviction, be entitled as of right to be admitted to bail, and after convicted bail may be granted in the discretion of either the trial or appellate court."