ERVIN, Judge.
The only colorable issue in this workmen’s compensation case concerns the manner in which permanent disability benefits from two successive industrial accidents are to be paid when there are different carriers responsible for payment of the benefits attributable to each accident. The application and interpretation of Section 440.-15(5)(b), Florida Statutes (1977), is required.
Claimant and appellee Arlin Wilsher worked for appellant Florida College from 1973 to 1978, during which period he suffered two compensable industrial accidents. He suffered a back injury in 1975. Reaching maximum medical improvement (MMI) in September 1977, he was rated 25% permanently and partially disabled (PPD) to *970 the body as a whole. Appellee Michigan Mutual Insurance Company promptly commenced payment of these payments.
However, good fortune did not favor the claimant because he suffered a second com-pensable accident on January 31, 1978. He slipped and injured his back while replacing a water faucet washer in a bathtub at work. The claimant reached MMI from this accident on June 25, 1980 and was rated as permanently and totally disabled (PTD) by the deputy commissioner. During the time between claimant’s. first and second compensable injuries, the employer’s relationship with its carrier, Michigan Mutual, was terminated. A new carrier, Aetna Casualty and Surety Company, was called upon to provide workers’ compensation coverage. Because Aetna was the carrier at the time of the claimant’s second accident, the deputy commissioner ordered it to immediately commence payment of PTD benefits as of the date of MMI for the second injury.
Aetna now contends that Michigan Mutual paid PPD benefits only until the claimant became temporarily and totally disabled due to his second injury. As a result there are unpaid PPD benefits due to the claimant from Michigan Mutual.[1] Aetna maintains that Michigan Mutual should be required to fulfill its obligation prior to the start of Aetna’s obligation for the payment of PTD benefits.
In support of its contention Aetna relies on Section 440.15(5)(b), Florida Statutes (1977),[2] which states:
• 440.15 Compensation for disability.
* * * * * *
(5) SUBSEQUENT INJURY—
* * # * # *
(b) If any employee receives a permanent injury as specified in this section, after having previously sustained another permanent injury in the employ of the same employer, he shall be entitled to compensation for both injuries, but the total compensation shall be paid by extending the period and not by increasing the amount of weekly compensation. When the previous and subsequent injuries received in the same employment result in permanent total disability, compensation shall be payable for permanent total disability.
As written, this statute applies to successive permanent injuries incurred while working for the same employer. Because the claimant was working for Florida College at the time of both of his permanent injuries, this case falls within the ambit of the statute.
The statute also indicates that both injuries are fully compensable. The question is whether both the PPD benefits, payable by Michigan Mutual, and the PTD benefits, payable by Aetna, should be paid at the same time.
The statute requires that “the total compensation shall be paid by extending the period and not by increasing the amount of weekly compensation.” Applying the plain meaning rule of statutory construction to this statute,[3] it is clear that while both injuries are compensable, both the PPD and PTD benefits in this case are not payable concurrently.
Professor Larson in his treatise on workmen’s compensation law presents a plausible rationale for this view.
*971 There is both a theoretical and a practical reason for the holding that awards for successive or concurrent permanent injuries should not take the form of weekly payments higher than the weekly maxi-ma for total disability. The theoretical reason is that, at a given moment in time, a man can be no more than totally disabled. The practical reason is that if he is allowed to draw weekly benefits simultaneously from a permanent total and a permanent partial award, it may be more profitable for him to be disabled than to be well — a situation which compensation law always studiously avoids in order to prevent inducement to malingering.
2 Larson Workmen’s Compensation Law § 59.41 at 10-508; 10-511 to 10-512 (1981) (footnote cites omitted).[4]
To solve the problem of paying compensation for both injuries without exceeding the weekly maximum level for benefits Larson notes that the benefits for these injuries should be laid “end-to-end”. Id. at § 59.42 at 10-517. This approach seems to be in total agreement with the statutory requirement of compensating “by extending the period and not by increasing the amount of weekly compensation.”
Consequently, Michigan Mutual’s obligation to compensate for the permanent partial disability should be fulfilled first, at such time as compensation from the first injury has been paid; Aetna’s obligation to compensate for permanent and total disability, stemming from the second compensable injury, would then be generated. Accord, Walls v. Hodo Chevrolet Co., Inc., 302 So.2d 862, 868 (Miss.1974).
The deputy commissioner has ordered Aetna Casualty to begin making PTD benefit payments. Because it appears that Michigan Mutual may not have completed making all PPD benefit payments due, we REMAND this case so that the deputy commissioner may make all alterations in his order required by Section 440.15(5)(b), Florida Statutes. However, the order is AFFIRMED as to all other points raised in this appeal.
SHAW and WENTWORTH, JJ., concur.

.Michigan Mutual argues that the parties had stipulated that it “had paid” all PPD benefits due the claimant, but the stipulation appears to be only to the extent that Michigan Mutual commenced payment of PPD benefits. How much of its obligation Michigan Mutual may have fulfilled we are unable to determine from the record. For the purpose of this opinion, we will assume that Michigan Mutual has not fulfilled all of its obligation for the payment of PPD benefits due.

. Application of § 440.15(5)(c), Florida Statutes (1977), would be improper, because that sub-section is applicable to cases involving successive injuries causing a claimant to be permanently and partially disabled. Leight v. Aladdin Moving Co., 381 So.2d 258, 260 (Fla. 1st DCA 1980).

. An unambiguous statute must be accorded its plain and ordinary meaning. Rowe v. State, 394 So.2d 1059 at 1059 (Fla. 1st DCA 1981); Carson v. Miller, 370 So.2d 10, 11 (Fla.1979); 30 Fla.Jur. Statutes § 87 (1974).

. Professor Larson’s viewpoint has been cited with approval by the Florida Supreme Court in a case that is factually distinguishable. See Dennis v. Brown, 93 So.2d 584, 587 (Fla.1957).