417 So.2d 981 (1982)
Mary Cheek ROWE, Petitioner,
v.
STATE of Florida, Respondent.
No. 61090.
Supreme Court of Florida.
July 22, 1982.
William T. Lassiter, Jr. and William T. Edwards, Jr., Jacksonville, for petitioner.
Jim Smith, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for respondent.
*982 ALDERMAN, Chief Justice.
The sole question before us is whether Florida Rule of Criminal Procedure 3.691 prohibits the granting of bail pending appeal to a person who is convicted of a capital offense when that person is sentenced to life imprisonment pursuant to section 775.082(1), Florida Statutes (1979). The district court of appeal answered this question in the affirmative and has certified this question as one of great public importance. Rowe v. State, 402 So.2d 489 (Fla. 1st DCA 1981). We agree with the First District and hold that under rule 3.691 a person convicted of a capital offense, even though receiving a life sentence, may not be released on bail pending review of the conviction.
Mary Cheek Rowe was convicted of the first-degree murder of her husband, Elijah Rowe, and was sentenced to life imprisonment with the requirement that she serve no less than twenty-five years before becoming eligible for parole. After filing her appeal from her first-degree murder conviction with the First District, she filed a motion with the trial court to set bail. The trial court, in granting bail and setting bond at $10,000, found that Mrs. Rowe had no criminal record, that her first-degree murder conviction involved a family dispute, that she was not likely to commit any offense if released on bail, that she is fifty-five years old and has serious medical problems, that she has not been known to be a troublemaker, that she was not likely to flee the jurisdiction, that she would live with her daughter, and that prior to trial she was free on bond for over six months and appeared in court on each court date. The State sought review of this order in the district court on the basis that, since Mrs. Rowe had been convicted of a capital offense, she was not entitled to bail on appeal. The district court reversed the trial court's order on the basis of its prior decision in Rowe v. State, 394 So.2d 1059 (Fla. 1st DCA 1981), a companion case involving Mrs. Rowe's son, Douglas McArthur Rowe.
Thereafter, the First District affirmed Mrs. Rowe's conviction without discussion of any of her points on appeal. Because of its previous order reversing the trial court's grant of bail pending her appeal, however, the First District certified the question relating to bail on appeal and referred to its decision in Rowe v. State, 394 So.2d 1059 (Fla. 1st DCA 1981).
Rule 3.691 provides in pertinent part:
(a) All persons who have been adjudicated guilty of the commission of any offense, not capital, may be released, pending review of the conviction, at the discretion of either the trial or appellate court, applying the principles enunciated in Younghans vs. State, 90 So.2d 308 (Fla. 1956)... . (Emphasis added.)
Mrs. Rowe contends that, by employing the terminology "not capital" in rule 3.691, this Court eliminated the discretion of the trial court to grant bail on appeal to only those who are convicted of a capital offense and who receive a sentence of death. This rule, however, clearly and unambiguously states that a person adjudicated guilty of the commission of a capital offense is not entitled to bail on appeal. A capital offense is one that is punishable by death. In Florida, murder in the first degree is the only existing capital offense. Just because a person is not sentenced to death upon being adjudicated guilty of murder in the first degree does not mean that person has not been adjudicated guilty of the commission of a capital offense. Section 775.082(1) expressly describes the penalty to be imposed upon a person who is adjudicated guilty of a capital offense but for whom the trial court does not find the penalty of death warranted. This statutory provision states that "[a] person who has been convicted of a capital felony shall be punished by life imprisonment and shall be required to serve no less than 25 years before becoming eligible for parole unless the proceeding held to determine sentence according to the procedure set forth in s. 921.141 results in findings by the court that such person shall be punished by death, and in the latter event such person shall be punished by death." Section 921.141 also makes clear that one who does not receive a death sentence upon *983 being adjudicated guilty of first-degree murder has nevertheless been convicted of a capital crime and shall be punished as such pursuant to section 775.082.
In Rowe v. State, 394 So.2d 1059 (Fla. 1st DCA 1981), the First District recognized the nonambiguity of rule 3.691 and determined that the trial court did not have discretion to grant bail on appeal to a person convicted of a capital offense, whether that person be sentenced to death or life. That case involved Mrs. Rowe's son, Douglas McArthur Rowe, who had also been convicted for the first-degree murder of Elijah Rowe and who had likewise been sentenced to life imprisonment. He had been granted bail by the trial court pending appeal of his murder conviction, but the First District reversed the trial court's order granting bail. The First District correctly explained that Hedden v. State, 275 So.2d 52 (Fla. 2d DCA 1973), relied upon by Mr. Rowe in claiming his entitlement to bail, does not stand for the proposition that bail may be allowed pending appeal where a person has been convicted of a capital offense but has been sentenced to life imprisonment. Hedden was decided when there were no capital offenses in Florida because capital punishment as then legislated had been abolished by the Supreme Court of the United States in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), and because in Donaldson v. Sacks, 265 So.2d 499 (Fla. 1972), this Court had determined there could be no capital offense without capital punishment. The First District in Rowe also properly concluded that section 924.065(3) did not restore the discretion to the trial court to grant bail in the present situation. It read this provision in conjunction with section 903.132 and pointed out that, although in 1976 the legislature amended 903.132 and by a two-thirds vote repealed that portion of rule 3.691(a) which allowed the trial court discretion with regard to permitting post-conviction bail where a person has been previously convicted of a felony, it left intact that portion of rule 3.691(a) which eliminated discretion as to those convicted of capital offenses. If the legislature had intended to give the courts this discretion, it could have repealed that portion of the rule as well. The First District correctly declined to imply such legislative intention from section 924.065(3).
Accordingly, we hold that rule 3.691 prohibits the granting of bail pending appeal to a person convicted of a capital offense when that person is sentenced to life imprisonment. The decision of the First District is approved.
It is so ordered.
BOYD, McDONALD and EHRLICH, JJ., concur.
SUNDBERG, J., dissents with an opinion, in which ADKINS and OVERTON, JJ., concur.
SUNDBERG, Justice, dissenting.
The majority view is indeed beguiling. It is simply logical that "capital offense" refers to any crime potentially punishable by death. The simplicity of the majority opinion is at once its allure and its infirmity. Scrutiny beyond semantic logic reveals that rule 3.691 contemplates discretionary post-trial release for those not sentenced to death. I therefore must dissent.
I am persuaded to this conclusion by an analysis of Hedden v. State, 275 So.2d 52 (Fla. 2d DCA 1973), cert. denied, 419 U.S. 1031, 95 S.Ct. 513, 42 L.Ed.2d 306 (1974), a case which the majority too easily dismisses. The majority begins and ends its analysis of Hedden by pointing out that the case was decided during the capital punishment hiatus following Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). The implication is that Hedden was fortuitously granted leave to apply for bail because Florida was temporarily without "capital offenses." Actually Hedden prevailed not because of this fact but in spite of it. The trial judge in Hedden, confused about his post-Furman role, thought he was without authority to grant bail. On appeal the court set aside the categorical denial of bail:
[T]he trial court does have the discretion in this case to grant bail (see Stalnaker v. *984 State, 1936, 126 Fla. 407, 171 So. 226 and Gray v. State, Fla. 1951, 54 So.2d 436) and has not lost the authority to do so, notwithstanding, Furman v. Georgia, 408 U.S. 238 [92 S.Ct. 2726, 33 L.Ed.2d 346] (1972), wherein the death penalty was abolished. We do not believe that Donaldson, supra, or Fla. Const. art. I, § 14, divests the trial court from exercising his discretion in granting or denying bail after conviction in cases where the punishment is mandatory life imprisonment.
Hedden at 53 (emphasis added). The district court in Hedden based its decision on Gray v. State, 54 So.2d 436 (Fla. 1951), and properly so, for this Court in Gray said the following:
[W]hen one is convicted of a capital offense with recommendation to mercy and less than the death penalty is imposed, whether or not the accused should be admitted to bail pending appeal is within the sound discretion of the court depending on the facts of the particular case.
Id. at 437.
In rejecting the possibility of discretionary bail following non-death sentences, the First District Court of Appeal has correctly pointed out that Gray was decided before the promulgation of Florida Rule of Criminal Procedure 3.691. Rowe v. State, 394 So.2d 1059 (Fla. 1st DCA 1981). The fact remains that Hedden was not, and Hedden recognizes the trial judge's discretion to grant bail in non-death cases, citing Gray as its authority. If the majority wishes to disapprove Hedden, and consequently overrule Gray, it should do so. To ignore Gray is to imply that when this Court promulgates its own rules it ignores its own decisions. Nothing in rule 3.691 or in the majority's analysis suggests that the rule was other than a codification of the case law in existence at its promulgation. Indeed it is apparent that rule 3.691 was just such a codification. Before the rule's promulgation a Florida statute similarly permitted discretionary release following conviction for offenses "not capital." § 903.01, Fla. Stat. (1955). This Court considered this statute "a legislative declaration of the rule developed by judicial decision." Younghans v. State, 90 So.2d 308, 309 (Fla. 1956). It may be fairly presumed that Gray, decided only five years earlier, was one of the judicial decisions to which the Court referred. In 1972 this Court promulgated rule 3.691, choosing the words "not capital," the meaning of which should have been as familiar to the Court as its own decision in Gray. In re Florida Rules of Criminal Procedure, 272 So.2d 65, 121 (Fla. 1972). Within the rule the Court cited Younghans as the polestar which would guide the rule's interpretation. Younghans' implicit reference to Gray has therefore made its way into the very words of the rule itself.
Thus the meaning of the words "not capital" can be traced along a continuum from caselaw to statute to caselaw and finally to the rule in its present form. Once it is acknowledged that this continuum exists, the problem becomes one of finding the point along its unbroken length when the words "not capital" acquired the meaning which the majority asserts has been obvious all along. The transformation point has so successfully eluded me that I am forced to conclude it does not exist.
I am likewise at a loss as to how the legislature's failure to repeal that portion of rule 3.691(a) dealing with capital offenses bears upon our interpretation of the rule. The majority's discussion on this point begs the question. It assumes that the legislature, cognizant that trial judges lacked discretion to grant bail following non-death sentences, consciously left the rule intact, thereby refusing "to give the courts this discretion." But if the legislature believed that the rule did allow bail for non-death sentences, there would be no point in repealing the rule to give the courts discretion which they already possess. I find this latter scenario the more plausible. Section 924.065(3), Florida Statutes (1981), reflects a legislative belief that "capital offense" for bail purposes means one for which the death penalty has been imposed. It states, "[a]n appellant who has been sentenced to death shall not be released on bail." The majority makes the obvious point that if *985 trial judges were without discretion to grant bail in a situation like Mrs. Rowe's, then section 924.065(3) did not "restore" it. But that which has never been taken away need not be restored. What the majority has failed to reveal is the moment in time when the discretion to grant bail in non-death cases was taken away. It plainly existed in 1951 when this Court decided Gray; the Second District Court of Appeal believed it still existed in 1973 when it decided Hedden; I believe it exists today.
ADKINS and OVERTON, JJ., concur.