Michael L. CARMAN, Petitioner,

v.

STATE of Alaska, Respondent.

No. 3255.

Supreme Court of Alaska.

May 18, 1977.

James D. DeWitt, Birch, Horton, Bittner and Monroe, Fairbanks, for petitioner.

David Shimek, Asst. Dist. Atty. and Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, Chris J. Rigos, Asst. Public Defender, and Brian Shortell, Public Defender, Anchorage, for Public Defender Agency, amicus curiae.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, ERWIN and BURKE, Justices.

## OPINION

RABINOWITZ, Justice.

Petitioner Michael Carman was arrested and charged with armed robbery. He was arraigned in the superior court on January 7, 1977, at which time the state was not prepared to go forward with a bail hearing. In consideration of this development, the superior court ordered Carman's bail continued in the amount which had been endorsed on the indictment, namely, $50,000.

Petitioner subsequently made a motion for reduction of bail which was heard on January 13, 1977. At this hearing Carman presented evidence as to his standing in the community of Fairbanks, his positive family situation and his lack of any prior criminal record. The state did not rebut this testimony in open court. However, the state requested an *in camera* proceeding to divulge its information, citing Rule 16(d), Rules of Criminal Procedure, in support of its request. The state's request was granted and an ex parte *in camera* proceeding held. *In camera* the superior court heard testimony from a state witness and then subsequently ruled in open court that bail which had been previously set in the amount of $50,000 would not be reduced. Thereafter, on January 14, 1977, a rehearing on Carman's motion for bail reduction was held and the superior court once again denied Carman's motion.[1]

Procedurally, the matter comes before this court via a petition for review. Assuming that a petition for review is the appropriate procedural vehicle in the instant case, we are of the opinion that the matter warrants granting review pursuant to our discretionary authority to review interlocutory matters.[2] We further note that the state has moved to dismiss the petition "on the basis that the issues raised in the

petition are now moot." In explanation of its assertion of mootness, the state offers the following rationale:

> Defendant Carman and another person have now been indicted for the offense which was the subject of the *in camera* testimony, and defendant Carman can request bail hearings in both cases at which the State will have no need to present testimony *in camera*.

We think the state's motion to dismiss the petition on the grounds of mootness should be rejected on the basis of the capable of evading review exception to the mootness doctrine which was articulated in *Doe v. State*, 487 P.2d 47, 53 (Alaska 1971). There we stated:

> Ordinarily we will refrain from deciding questions where the facts have rendered the legal issues moot. But where the matter is one of grave public concern and is recurrent but is capable of evading review, we have undertaken review even though the question may be technically moot. (footnote omitted)

*See also Martin v. State*, 517 P.2d 1389, 1391 (Alaska 1974); *R.L.R. v. State*, 487 P.2d 27, 45 (Alaska 1971); *In re G.M.B.*, 483 P.2d 1006, 1008 (Alaska 1971).

The substantive issue raised in this petition is whether the superior court erred in conducting an ex parte *in camera* hearing to consider evidence in conjunction with a bail reduction proceeding. In support of the superior court's resort to an *in camera* bail proceeding, the state advances several arguments, all of which we find unpersuasive.

The state's primary argument is grounded on the premise that "there is ample justification under Criminal Rule 16(d)" for the *in camera* procedure utilized in the case at bar. Criminal Rule 16(d)(4) provides:

---

1. At this rehearing counsel for petitioner requested the superior court, pursuant to AS 12.30.020(f), to provide written reasons for its bail decision. In lieu of formal written reasons, the superior court submitted a transcript of its oral findings which were made at the January 14, 1977, rehearing of the motion for reduction of bail.

2. *See Martin v. State*, 517 P.2d 1389, 1391 (Alaska 1974). The case can also be viewed as having been brought before this court as an appeal pursuant to the authorization found in AS 12.30.030.

Upon a showing of cause, the court may at any time order that specified disclosure be restricted or deferred, or make such other order as is appropriate, provided that all material and information to which a party is entitled shall be disclosed in time to permit his counsel to make beneficial use thereof.[3]

While conceding that Rule 16 does not relate directly to bail matters, the state adopts the position that this discovery rule offers a clear and meaningful analogy for bail proceedings. In the state's view, "[n]either discovery nor bail questions relate to the guilt or innocence of the defendant; rather they are collateral mechanisms establishing the framework of the proceeding." We think this reasoning wide of the mark.[4]

Article I, section 11 of the Alaska Constitution provides in part:

In all criminal prosecutions, the accused . . . is entitled . . . to be released on bail, except for capital offenses when the proof is evident or the presumption great . . . .[5]

In addition to this constitutional guarantee of bail, a right to bail is found in Alaska's Bail Reform Act.[6] AS 12.30.010 of this Act provides that "[t]he defendant in a criminal proceeding is entitled to be admitted to bail before conviction as a matter of right." Thus, we begin our analysis of the *in camera* issue against a constitutional and statutory framework that has established the right of an accused to bail in all criminal prosecutions.

▆▆▆ Through subsequent amendments of Alaska's Bail Reform Act, in determining bail and conditions of release, our courts are now empowered to take into consideration whether the person charged with an offense "will pose a danger to other persons and the community."[7] In construing these amendments, we said in *Martin v. State,* 517 P.2d 1389, 1397 (Alaska 1974):

Although the trial court may not deny bail to an accused, the trial judge can consider danger to the community as a factor in assessing the amount of bail or fixing the terms of a conditional release.[8] (footnote omitted)

Thus, it is clear that evidence in bail proceedings to the effect that an accused is a danger to the community has been decreed relevant by our legislature for the purpose of determining either the amount of bail or conditions of release. On the other hand, we consider it of controlling significance that neither Alaska's Bail Reform Act nor our Rules of Criminal Procedure authorize the trial courts of Alaska to conduct *in*

---

3. The state also relies on subsections (a) and (d)(6) of Rule 16, Rules of Criminal Procedure. Subsection (a) of Rule 16 provides in part that . . . discovery prior to trial should be as full and free as possible consistent with protection of persons, effective law enforcement, and the adversary system.

Subsection (d)(6) of Rule 16 reads as follows:
Upon request of any party, the court may permit
(i) any showing of cause for denial or regulation of disclosure, or
(ii) any portion of any showing of cause for denial or regulation of disclosure to be made to the court in camera ex parte. A record shall be made of such proceedings. If the court enters an order granting relief following such a showing, the entire record of the proceedings shall be sealed and preserved in the records of the court, to be made available to the supreme court in the event of an appeal.

4. Although the state concedes "that a defendant should not be denied bail on the basis of in camera testimony," it proceeds to argue that "[t]he Superior Court in this case did not deny bail to the defendant, however, the court simply utilized the in camera testimony in setting a bail amount for the defendant." For reasons which will be discussed, we conclude that the distinction the state would have us draw is untenable.

5. *See also Gilbert v. State,* 540 P.2d 485 (Alaska 1975); *Martin v. State,* 517 P.2d 1389 (Alaska 1974); *Doe v. State,* 487 P.2d 47, 51 (Alaska 1971); *Reeves v. State,* 411 P.2d 212 (Alaska 1966). Alaska's statutory authorization for the death penalty was repealed by the territorial legislature in 1957. Ch. 132, SLA 1957.

6. SLA 1966, Ch. 20, § 1, AS 12.30.010 *et seq.*

7. *See* AS 12.30.020(a) and (b).

8. *Accord, Gilbert v. State,* 540 P.2d 485 (Alaska 1975). See AS 12.30.020(c) for other factors that are to be taken into consideration in establishing the terms or amount of bail.

*camera* bail hearings. We think it clear that Criminal Rule 16(d)(6)(ii) does not cover the situation involved in this case. The provision for an *in camera* proceeding under Rule 16 relates solely to discovery motions where the party against whom discovery is sought attempts to demonstrate that discovery should not be allowed for reasons that should not be revealed in open court or to the other party.[9]

The very criminal discovery rule upon which the state relies in the instant case provides that as to any evidence, the disclosure of which has been deferred, such evidence shall nevertheless "be disclosed in time to permit his counsel to make beneficial use thereof." Unlike discovery proceedings which antedate adjudications of guilt, deferral of evidence in bail proceedings can have both immediate and long range adverse consequences.[10]

■ Not only do we view the state's reliance upon Criminal Rule 16 inappropriate, but, in our view, acceptance of ex parte *in camera* evidence in conjunction with bail hearings is antithetical to well established concepts of a fair adversarial hearing. In this regard, we consider *United States v. Wind,* 527 F.2d 672 (6th Cir. 1975), persuasive authority for petitioner's contention that the superior court erred in conducting an ex parte *in camera* hearing at the request of the state for the purpose of receiving and considering evidence in conjunction with a bail hearing. In *Wind,* the defendant had been charged with conspiracy and the substantive offense concerning a variety of drug violations. A magistrate had set

bond at $1,000,000, but the United States Attorney presented evidence that Wind had said he would flee the bond and that no witness would testify against him. Based on this evidence, the magistrate set bail of $1,500,000 cash or surety bond. The federal district court reviewed the decision of the magistrate. In that hearing, the district court allowed the United States Attorney to present evidence *in camera* as to Wind's dangerous propensities in order to protect the witnesses from possible retaliation. The district court found the actions of the magistrate to have been proper, but denied Wind any bail. This decision was based on the information received *in camera* which led the court to believe that Wind would flee if released no matter how high his bail was set, and that he would pose a danger to the witnesses and to the community. On appeal, the Sixth Circuit reviewed the D.C. Circuit's decision in *United States v. Gilbert,* 138 U.S.App.D.C. 59, 425 F.2d 490 (1969), in which it was held that a defendant is entitled to a hearing and an opportunity to refute charges that if he were released, he might threaten or otherwise interfere with the witnesses or might unlawfully interfere with the criminal prosecution. The court then turned its attention to the ex parte proceeding. It stated:

The record is silent as to the extent to which the *in camera* testimony contributed to the decision denying bail. In our opinion, reliance on that testimony to any extent was error. No authority was cited to us by the Government which would support resort to the ex parte *in camera* practice in this case, and we have found

---

**9.** That is, the ex parte proceeding is to show cause why the information to be discovered should be the subject of a protective order.

**10.** In *Bandy v. United States,* 81 S.Ct. 197, 198, 5 L.Ed.2d 218, 219 (1960), Justice Douglas, sitting as a circuit court judge, wrote in part:

The wrong done by denying release is not limited to the denial of freedom alone. That denial may have other consequences. In case of reversal, he will have served all or part of a sentence under an erroneous judgment. Imprisoned, a man may have no opportunity to investigate his case, to cooperate with his counsel, to earn the money that is

still necessary for the fullest use of his right to appeal.

In *Gerstein v. Pugh,* 420 U.S. 103, 114, 95 S.Ct. 854, 863, 43 L.Ed.2d 54, 65 (1975), the Supreme Court said:

The consequences of prolonged detention may be more serious than the interference occasioned by arrest. Pretrial confinement may imperil the suspect's job, interrupt his source of income, and impair his family relationships.

*See also Martin v. State,* 517 P.2d 1389, 1392 n.10 (Alaska 1974); Bail in Anchorage, Alaska Judicial Council (March 1975). *Compare Gieffels v. State,* 552 P.2d 661, 670 (Alaska 1976).

none.  In general, we disapprove of the practice as being inconsistent with the right to a hearing and the opportunity to refute referred to in *Gilbert.*

527 F.2d at 676.[11]

The state has attempted to distinguish *Wind* on the basis that it involved a denial of bail, whereas the instant case concerns the setting of bail.  We think the proffered distinction lacks viability.  Alaska's Bail Reform Act contemplates a hearing at which bail matters are to be determined.[12]  At such hearings, the accused is entitled to confront all witnesses who have given testimony regarding the amount of bail, or the terms and conditions of bail, as well as to refute such testimony and to present rebuttal evidence.[13]

Thus, we conclude that the superior court erred in conducting an ex parte *in camera* hearing at the request of the State of Alaska for the purpose of hearing and considering evidence in conjunction with a bail hearing.

**11.**  In the course of the January 14, 1977, bail hearing in the case at bar, the superior court, on several occasions, alluded to the fact that it was considering the evidence it had heard *in camera.*

**12.**  Alaska's Bail Reform Act also provides for expeditious review of bail determinations.

**13.**  *Doe v. State,* 487 P.2d 47 (Alaska 1971).  Compare *Blue v. State,* 558 P.2d 636, 644 (Alaska 1977).