**Kimberly Anne POWERS, Petitioner,**

v.

**The Honorable Alan SCHWARTZ, as Judge of the Eleventh Judicial Circuit of Florida and Jack Sandstrom, Director of the Dade County Department of Corrections and Rehabilitation, Respondents.**

**No. 77-7032-Civ-NCR.**

United States District Court,
S. D. Florida,
Fort Lauderdale Division.

Feb. 16, 1978.

Supplemental Order Feb. 23, 1978.

---

Philip Carlton, Miami, Fla., for petitioner.

Richard Katz, Asst. State's Atty., Miami, Fla., for respondents.

## ORDER

ROETTGER, District Judge.

THIS CAUSE is before the court on the renewed petition of Kimberly Anne Powers for a writ of habeas corpus. Pursuant to this court's order of December 28, 1977, dismissing the petition without prejudice to permit review by the Supreme Court of Florida, petitioner filed a petition before that court; the petition was denied February 9, 1978.[1] Petitioner is now properly before this court.

Petitioner is a 16-year old girl who is being tried as an adult on charges of several counts of robbery, burglary and kidnapping as well as carrying a weapon during commission of a felony and aggravated battery. The more serious charges are punish-

---

1. The Florida Supreme Court's opinion contained only a citation to *State ex rel. Scaldeferri v. Sandstrom*, 285 So.2d 409 (Fla.1973), with no explanation of its reasoning. This court had deferred its ruling on the petition under the authority of *Glenn v. Askew*, 513 F.2d 61 (5th Cir. 1975).

able by life imprisonment. Petitioner's co-defendants have pleaded guilty and received life sentences. Petitioner's trial was due to commence February 13, 1978 but she has asserted the defense of insanity and the trial has been continued until March 20, 1978.[2]

Before recusing himself, State Circuit Court Judge Durant held that the state court lacked jurisdiction to consider petitioner's motion to set bail. At the hearing before this court the parties agreed that the respondent's ruling was also based on a lack of jurisdiction to consider the motion. Although petitioner appeared with witnesses prepared to testify concerning conditions of bail, no testimony was taken in state court.

Petitioner contends that Article I, § 14 of the Florida Constitution [3] and Rule 3.130, Florida Rules of Criminal Procedure [4] as applied by respondent violate her rights under the Eighth Amendment, and to equal protection and due process of law under the Fourteenth Amendment.

■ It is well settled that the right to freedom before conviction is an important right. *Pugh v. Rainwater*, 557 F.2d 1189 (5th Cir. 1977); *Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951). As stated in *Stack v. Boyle*,

"Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning." 342 U.S. at 4, 72 S.Ct. at 3.

However, the right is not absolute. The Eighth Amendment prohibits only excessive bail; it does not require bail to be afforded in all cases and under any circumstances. *Carlson v. Landon*, 342 U.S. 524, 72 S.Ct. 525, 96 L.Ed. 547 (1952); *Mastrian v. Hed-*

*man*, 326 F.2d 708 (8th Cir. 1964), *cert. denied*, 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982 (1964).

■ What is required is that where the state has set up a classification of bailable and non-bailable offenses, the classification must not violate the right to due process and equal protection guaranteed by the Fourteenth Amendment.

In this regard the court agrees with the conclusions of Judge Mehrtens in *Escandar v. Ferguson*, 441 F.Supp. 53 (S.D.Fla.1977), and Florida State Circuit Court Judge Fuller in *State of Florida v. McIntosh*, # 77–27393 (Sept. 3, 1977) that the Florida Constitution Article 1, § 14 and Rule 3.130, Florida Rules of Criminal Procedure as applied and interpreted by the state court are unconstitutional.

■ Little can be said to add to the well-reasoned analysis of Judges Mehrtens and Fuller under traditional equal protection principles. However, this court would take a slightly different approach in concluding that Florida's laws violate petitioner's rights to equal protection. The court does not find it necessary to label the right to bail as a fundamental right, thus requiring a compelling state interest to support the classification the state has created. Although varying standards have been devised by the Supreme Court in recent years by which the validity of state statutes are to be tested under the Equal Protection Clause, at a minimum the Court requires that "a statutory classification bear some rational relationship to a legitimate state purpose." *Weber v. Aetna Casualty & Surety Co.*, 406 U.S. 164, 172, 92 S.Ct. 1400, 1405, 31 L.Ed.2d 768 (1972) (citations omitted).

---

**2.** The court takes judicial notice of the current status of the state criminal action pursuant to Rule 201(b)(2) of the Federal Rules of Evidence.

**3.** *Bail.* Until adjudged guilty, every person charged with a crime or violation of municipal or county ordinance shall be entitled to release on reasonable bail with sufficient surety unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great.

**4.** *Offenses Less Than Capital.* All persons in custody for the commission of an offense unless it is a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great shall be entitled as of right to be admitted to bail before conviction. After conviction bail may be granted in the discretion of either the trial or appellate court.

■ The State of Florida has a legitimate interest in insuring that persons charged with serious offenses appear to answer charges and that potentially dangerous criminals not be released into the community.[5] However, Florida permits life felony defendants to be released on bail *after* conviction but denies it *prior* to trial where the proof of guilt is evident or the presumption great.[6] The arbitrary denial of pretrial release to persons charged with life felonies where the proof of guilt is evident or the presumption great while allowing post-conviction release in such cases is neither a rational nor legitimate means to achieve either of these goals. To the contrary, if the presumption of innocence has any meaning such disparity is irrational.

There is also no rational basis for denying bail to potential life felons while granting it to persons charged with multi-count informations who may actually serve a greater time than persons sentenced to life imprisonment.[7]

Based solely on the foregoing Equal Protection analysis the court finds that petitioner is entitled to a hearing in state court to determine whether she is entitled to bail in the discretion of that court after a consideration of all the factors relevant to the granting of bail in non-life felony cases. Under no circumstances is this order to be interpreted as a suggestion by this court of what the outcome of that hearing should be, as such determination is solely in the discretion of the state court. Accordingly, it is

ORDERED AND ADJUDGED that the petition for habeas corpus is hereby granted, and this cause is hereby remanded to the state court with directions that a bond hearing be held to consider whether petitioner is entitled to bail after a consideration of all the factors set forth in the Florida Statutes regarding bail. It is

FURTHER ORDERED AND ADJUDGED that the court finds the instant order involves controlling questions of law as to which there is substantial ground for difference of opinion, and that an appeal might materially advance the litigation. Therefore this order is hereby certified as appealable pursuant to 28 U.S.C. § 1292(b).

DONE AND ORDERED this 16 day of February, 1978.

### SUPPLEMENTAL ORDER

By order dated February 16, 1978 this court held that the Florida bail procedures as applied to petitioner were unconstitutional, and remanded this case to the state court to hold a bond hearing. Pursuant to that order, State Circuit Court Judge Alan Schwartz convened a hearing in the morning of February 17, 1978 but declared that he would not follow this court's order, basing his ruling on *State v. Dwyer*, 332 So.2d 333 (Fla.1976). This court therefore held a hearing in the afternoon of February 17, 1978 at the request of petitioner for the purpose of determining whether in the court's discretion she should be admitted to bail.

In making its determination the court received a proffer by the state, with no objection by the petitioner, that the proof of guilt before the state court was evident and the presumption thereof great. This court received no evidence of petitioner's culpability.

■ On a petition for habeas corpus raising a well-founded Constitutional challenge to state bail procedures, this court is hardly Erie-bound to follow state law with respect to the factors to be considered for admission to bail. In consideration of the question of whether to grant the Writ under these circumstances, this court therefore considered only the factors set forth in the

---

5. Although the latter interest is important, it is not legitimately served through the use of bail. *Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951).

6. See: Florida Statutes 903.132; also see: *Hedden v. State*, 275 So.2d 52 (Fla.App.1973).

7. The average term served by a life felon is eight years. See *Escandar v. Ferguson*, 441 F.Supp. 53, 57 at n. 4 (S.D.Fla.1977).

Bail Reform Act of 1966, 18 U.S.C. § 3141 *et seq.* and determined that petitioner's own recognizance will reasonably assure her appearance at trial. This satisfied the criteria for pretrial release under certain conditions enumerated in this court's order of February 17, 1978 and the Writ was issued immediately.

DONE AND ORDERED this 23 day of February, 1978.