Charles A. GRIFFITH, Appellant,

v.

STATE of Alaska, Appellee.

No. 5914.

Court of Appeals of Alaska.

March 4, 1982.

---

David C. Backstrom, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Thomas A. Miller, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

On March 27, 1981, Charles A. Griffith was convicted by a jury of robbery in the first degree, AS 11.41.500. He has appealed that conviction and the resulting sentence. That appeal is pending and is not yet ripe for decision and consequently, it will not be addressed in this opinion. The sole issue before us now concerns Griffith's challenge to an order denying him bail both pending sentencing and after sentencing pending a determination of his merit appeal. These issues are appealable apart from the appeal on the merits. *See* AS 12.30.030(b) which provides in relevant part:

> When a court denies a motion under (a) of this section [a motion for release from pretrial or post-conviction detention] or conditions of release have been imposed by the court having original jurisdiction over the offense, an appeal may be taken to the court having appellate jurisdiction over the court denying the motion or imposing the conditions subject to the rules of the Supreme Court of Alaska, and the District Court Rules of Criminal Procedure. The order of the lower court shall be affirmed unless it is found that the lower court abused its discretion. If it is held that the lower court did abuse its discretion, the appellate court may modify, vacate, set aside, reverse, remand the action for further proceeding, or remand the action directing entry of the appropriate order, which may include ordering the person to be released under AS 12.30.020(a). The appeal shall be determined promptly.

The supreme court has implemented this statute by the adoption of two appellate rules: Rule 206(b)[1] and Rule 207.[2]

The trial court denied bail in reliance on AS 12.30.040(b).[3] In this appeal, Griffith challenges the constitutionality of AS 12.-30.040(b) alleging that it violates the equal protection clauses of the federal[4] and state[5] constitutions. We agree and reverse. While Griffith's federal challenge is dispositive, we nevertheless construe the Alaska Constitution as well in the event that intervening federal authority might otherwise require further proceedings.

1. Appellate Rule 206(b). Stay of Execution and Release Pending Appeal in Criminal Cases:

 (b) *Release Pending Appeal.* When an appeal on the merits is pending, an appeal under AS 12.30.030(b) from an order refusing bail pending appeal or imposing conditions of release pending appeal shall be in the form of a motion filed in the merit appeal. The motion shall comply with Rule 503, and shall contain specific factual information relevant to the factors set forth in AS 12.30.020(c), including but not limited to the following:

 (1) The full name of the appellant, the trial court docket number of the case, the offenses of which the appellant was convicted, the date of sentencing, and the complete terms of the sentence;

 (2) That application for release pending appeal has been made to the trial court, the reasons given by the trial court for denying the application in whole or in part, and facts and reasons demonstrating why the action of the trial court on the application was erroneous or an abuse of discretion;

 (3) A concise statement of the question or questions to be raised on the appeal with a showing that the question or questions were raised in the trial court;

 (4) Family: marital status; length of marriage; children, and their ages; other relatives in the area of residence;

 (5) Employment and financial circumstances: name of employer at time of arrest and during pre-trial release; type of work; how long so employed; any offer or promise of employment if released pending appeal; assets of the appellant or of relatives or friends relevant to the ability to post money bail;

 (6) Health: history of mental illness, alcoholism, or addiction to drugs, if any;

 (7) Residence: length of residence in the city or town in which the appellant resided at the time of arrest;

 (8) Criminal history: criminal convictions within ten years prior to the present arrest; if the appellant has ever forfeited bail, or had release, probation, or parole revoked, the date, the name and location of the court, and a brief description of the circumstances; whether the present offense was committed while the appellant was on bail or other release or on probation or parole; any other criminal charges pending against the appellant at the time the motion is filed.

 (c) The decision of the court of appeals on an application under this rule is a "final decision" within the meaning of Rule 302. (Supreme Court Order 439 effective November 15, 1980)

2. Appellate Rule 207. Appeals Relating to Release Prior to Judgment:

 An appeal authorized by AS 12.30.030(b) or AS 12.30.040, relating to the release of a criminal defendant prior to the entry of final judgment, shall be determined promptly. The appeal shall take the form of a motion and shall comply with Rules 206(b) and 503. The appellee may respond as provided in Rule 503(d). The court of appeals or a judge thereof may order the release of the appellant pending such an appeal. The decision of the court of appeals on such an appeal is a "final decision" within the meaning of Rule 302. (Supreme Court Order 439 effective November 15, 1980)

3. This provision is best understood when read in the context of the entire statute, AS 12.30.-040:

 *Release after conviction.* (a) A person who has been convicted of an offense and is awaiting sentence, or who has filed an appeal shall be treated in accordance with the provisions of AS 12.30.020 unless the court has reason to believe that no one or more conditions of release will reasonably assure the appearance of the person as required or prevent the person from posing a danger to other persons and the community. If that determination is made, the person may be remanded to custody. This section does not affect the right of a person appealing from a judgment of conviction from a district court to the superior court to be released on bail pending appeal under Rule 2(c) of the District Court Rules of Criminal Procedure.

 (b) Notwithstanding the provisions of (a) of this section, if the offense a person has been convicted of is murder in the first degree, robbery in the first degree, kidnapping, or sexual assault in the first degree under AS 11.41.410(a)(1), he may not be released on bail either before sentencing or pending appeal.

4. U.S.Const. amend. XIV, provides in part that no state may "deny to any person within its jurisdiction the equal protection of the laws."

5. Alaska Const. art. 1, § 1, provides in part, "that all persons are equal and entitled to equal rights . . . ."

I. WHETHER AS 12.30.040(b) IS CONSTITUTIONAL UNDER THE EQUAL PROTECTION LAWS OF THE UNITED STATES AND OF ALASKA

In *Commercial Fisheries Entry Commission v. Apokedak*, 606 P.2d 1255 (Alaska 1980), the Supreme Court of Alaska carefully considered an equal protection claim (involving the restrictive granting of fishing permits) under both the fourteenth amendment and the Alaska Constitution. The court noted that, in light of Alaska's differing standard of review in some equal protection cases, the claim needed to be considered separately under both federal and state law. *Id.* at 1261. The dual analysis of the court in *Apokedak* will be followed here.

A. Whether AS 12.30.040(b) Violates the Equal Protection Clause of the United States Constitution

■ In examining the claim presented in *Apokedak* under the fourteenth amendment, the supreme court first considered whether the classification scheme at issue involved a suspect classification or a fundamental right. The court found that neither were involved and thus used the "rational basis" test, instead of the "strict scrutiny" test,[6] to assess the state's interest in creating the statutory classifications. *Id.* at 1261–62.

■ So too, the "rational basis" test is the relevant one in the instant case. While at least one federal court has noted that "the right to bail is 'fundamental' in that it involves issues of personal freedom in the most immediate and literal sense of those words," *United States v. Thompson*, 452 F.2d 1333, 1340 (D.C.Cir.1971) (dictum), *cert. denied*, 405 U.S. 998, 92 S.Ct. 1251, 31 L.Ed.2d 467 (1972), it still is well accepted that the receipt of post-conviction bail is not constitutionally guaranteed. *See, e.g.,*

*Powers v. Schwartz*, 448 F.Supp. 54, 56 (S.D.Fla.1978), *vacated as moot*, 587 F.2d 783 (1976); *United States ex rel. Bad Heart Bull v. Parkinson*, 385 F.Supp. 1265, 1266 (D.S.D.1974).

■ A state may, if it chooses, decline to provide a system for post-conviction bail, simply because convicted persons do not have a right to bail pending appeal. *See, e.g., In re Podesto*, 15 Cal.3d 921, 127 Cal. Rptr. 97, 544 P.2d 1297 (1976). "What is required is that where the state has set up a classification of bailable and non-bailable offenses, the classification must not violate the right to due process and equal protection guaranteed by the Fourteenth Amendment." *Powers v. Schwartz*, 448 F.Supp. at 56. Following the "rational basis" approach,

> The applicable test ... is 'whether the classification is reasonable, possesses some rational connection to the measure's legitimate purpose and treats all within the class alike.' Under this test, legislation is presumed to be reasonable, and any reasonably conceivable facts justifying the classification will be accepted.

*Commercial Fisheries Entry Commission v. Apokedak*, 606 P.2d at 1262 (footnotes omitted).

■ Under Alaska law, those convicted of felonies are entitled to bail under the same circumstances and subject to the same conditions as are those defendants awaiting trial unless the court expressly finds that no conditions will insure the defendant's attendance at further proceedings or will prevent him from injuring the public. AS 12.30.040(a). An exception to this rule of general availability of bail to convicted felons is made for those convicted of certain specified crimes including, *inter alia*, robbery in the first degree, the crime for which

6. The United States Supreme Court has applied dual standards to equal protection challenges. The state must prove a "compelling state interest" to justify classifications based on race, national origin, or alienage (so called suspect classifications), and such classifications are subject to strict scrutiny. A similar standard is applied when fundamental rights are at stake.

There is no general agreement, however, among supreme court justices as to which rights are "fundamental" beyond those found in the first amendment.

In cases not involving suspect classes or fundamental rights, the United States Supreme Court has generally applied the less restrictive rational basis test. *Id.* at 1261–62.

Griffith was convicted. AS 12.30.040(b). Thus, under current Alaska law, a person convicted of second degree murder (an unclassified offense), AS 11.41.110, an offense punishable by a sentence of at least five years and perhaps as much as ninety-nine years in prison, AS 12.55.125(b), would be entitled to bail unless the court found reasons not to grant bail. However, a person convicted of first degree robbery (a class A felony), AS 11.41.500, an offense punishable by a term of zero to twenty years,[7] AS 12.55.125(c), would not be eligible for bail no matter what conclusions the trial court reached regarding the risk he posed of fleeing or of harming others. Is there a rational basis for distinguishing between those convicted of second degree murder and those convicted of first degree robbery in determining the availability of bail?

The state cites a pair of legislative criteria in support of the Alaska provision: (1) assurance of continued appearances and amenability to the further orders of the court, and (2) protection of the community. AS 12.30.040(a). Griffith does not contest the reasonableness of these purposes or contend that the legislature's goals are not being met under AS 12.30.040(b). Rather, he argues that the Alaska Legislature has arbitrarily and completely denied him a benefit (the opportunity for bail) which may be granted to others who are similarly situated.

Courts often have held that such "underinclusion" is not a denial of equal protection. They reason that a legislature may recognize an evil and attempt to eliminate the harm where it is most acute. *See, e.g., Williamson v. Lee Optical, Inc.,* 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955), *reh. denied,* 349 U.S. 925, 75 S.Ct. 657, 99 L.Ed. 1256 (1955). Factors such as administrative convenience and the need for experimentation have been advanced in support of this approach. *See* Tussman and tenBroek, *The Equal Protection of the Laws,* 37 Cal.L.Rev. 341, 348–49 (1949). The presumption of

validity for "underinclusive" legislation has, however, been strongest in cases involving economic regulation. *Developments in the Law—Equal Protection,* 82 Harv.L.Rev. 1065, 1078 (1969); *see, e.g., New Orleans v. Dukes,* 427 U.S. 297, 303, 96 S.Ct. 2513, 2516, 49 L.Ed.2d 511, 516–17 (1976). Accordingly, the United States Supreme Court has invalidated a state law where it found that the classification was based upon a distinction between prisoners which did not bear a reasonable relationship to the purpose of the classification. *Rinaldi v. Yeager,* 384 U.S. 305, 86 S.Ct. 1497, 16 L.Ed.2d 577 (1966) (requirement that prisoner, but not probationer, reimburse state for transcripts held violative of equal protection clause).

To the extent that it limits its burdens to a part of the class of violent or dangerous offenders, there is little in Alaska's classification scheme that is reasonably or rationally related to the state's purpose in denying the opportunity for post-conviction bail. First, the state offers no substantiation for the proposition that a person who has been convicted of robbery in the first degree is any less likely to continue to appear before the court and to follow its orders than someone who has been convicted of a serious crime not covered within AS 12.30.-040(b). While it is true that someone convicted of first degree robbery "will serve a considerable amount of time in prison" and will thus have "an incentive for flight," the same may also be said of someone convicted of a crime such as second degree murder. It would also be true of someone convicted a third time for illegally selling narcotics where the possible punishment is life imprisonment. *See* AS 17.10.200(c)(3).

Second, the state's argument that the public has a greater need to be protected from persons convicted of an offense within 12.30.040(b) than persons convicted of other egregious acts is not convincing. Indeed, some of these other offenses for which bail

---

**7.** While it is unlikely that anyone convicted of second degree murder would receive the minimum five-year term specified in AS 12.55.-125(b), it is possible to commit first degree robbery without becoming subject to the minimum six-year term specified in AS 12.55.-125(c)(1).

is an option have been categorized by the legislature to be as serious as or more serious than some of the offenses within AS 12.30.040(b). Second degree murder is an unclassified offense for which life imprisonment is a potential sentence. Manslaughter, assault in the first degree, and arson in the first degree, for example, are all class A felonies. Under AS 11.81.250,[8] these offenses are of equivalent seriousness to robbery in the first degree and to sexual assault in the first degree; yet, persons convicted of the latter crimes may not receive bail pending appeal while persons convicted of the former may. Consequently, we conclude that a legislative scheme which makes bail optional for some dangerous convicts, but which without apparent explanation denies it to others similarly situated, violates the federal constitution.

### B. Whether AS 12.30.040(b) Violates the Equal Protection Clause of the Alaska Constitution

■ Although it is not a requirement that any classification made by the state be perfect, *Commercial Fisheries Entry Commission v. Apokedak*, 606 P.2d at 1267, it still "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." *Isakson v. Rickey*, 550 P.2d 359, 362 (Alaska 1976), citing *State v. Wylie*, 516 P.2d 142, 145 (Alaska 1973).

■ Alaska's equal protection approach for statutes not affecting fundamental rights was further explicated by the *Isakson* court:

> [W]e will no longer hypothesize facts which would sustain otherwise questionable legislation as was the case under the traditional rational basis standard. Thus, under the new test

Judicial deference to a broad range of conceivable legislative purposes and to imaginable facts that might justify classifications is strikingly diminished. Judicial tolerance of overinclusive and underinclusive classifications is notably reduced. Legislative leeway for unexplained pragmatic experimentation is substantially narrowed.

550 P.2d at 362 (footnote omitted). Operationally, this consolidates the two-tiered federal standard and requires that the court look to the legislature's purpose.

> It must be determined that this purpose is legitimate, that it falls within the police power of the state. Examining the means used to accomplish the legislative objectives and the reasons advanced therefore, the court must then determine whether the means chosen substantially further the goals of the enactment. Finally, the state interest in the chosen means must be balanced against the nature of the constitutional right involved.

*State v. Erickson*, 574 P.2d 1, 12 (Alaska 1978) (footnotes omitted). In essence, then,

> We apply a single test which is nevertheless flexible and dependent upon the importance of the rights involved. Based on the nature of the right, a greater or lesser burden is placed on the state to show that the classification has a fair and substantial relation to a legitimate governmental objective.

*Commercial Fisheries Entry Commission v. Apokedak*, 606 P.2d at 1264 (footnote omitted).

There is no dispute between the parties concerning the purpose of the post-conviction bail statute. However, we do not find that that statute bears "a fair and substantial relation to the object of the legislation." *Isakson v. Rickey*, 550 P.2d at 362. It has

---

8. *Sec. 11.81.250. Classification of Offenses.*
(a) For purposes of sentencing under AS 12.-55, all offenses defined in this title, except murder in the first and second degree and kidnapping, are classified on the basis of their seriousness, according to the type of injury characteristically caused or risked by commission of the offense and the culpability

of the offender. Except for murder in the first and second degree and kidnapping, the offenses in this title are classified into the following categories:
(1) class A felonies, which characteristically involve conduct resulting in serious physical injury or a substantial risk of serious physical injury to a person . . . .

already been pointed out that many persons who are convicted of crimes not listed within AS 12.30.040(b) present as great a risk of nonappearance and of community harm as do those named within the statute.

A careful limitation on bail to dangerous convicted persons is indeed rationally related to the legislative purposes of continued appearance and community protection. Nevertheless, the selective means instituted by the legislature are not connected with such goals. The decision to bar someone convicted of first degree robbery from a post-conviction bail hearing, while giving this opportunity to someone convicted of second degree murder, calls for some explanation. None is forthcoming. Alternative methods which standardize the burden are available and have been upheld elsewhere.[9]

To complete this analysis, the importance of the state's interest in denying persons convicted of first degree robbery, first degree murder, kidnapping, or rape the chance for post-conviction · bail must be weighed against the rights allegedly infringed by such state action. The considerations are substantial in both directions. On the one hand, there is no right to bail pending appeal under the Alaska Constitution. *State v. Wassillie*, 606 P.2d 1279 (Alaska 1980). On the other hand, the significance of bail prior to conviction is well-recognized, and many of the same factors in that situation are pertinent to the person who has been convicted. These include the possibility of wrongful detention, the loss of income, the diminution of investigation opportunities, and the impairment of the family relationship. *See Carman v. State*, 564 P.2d 361, 364 n.10 (Alaska 1977). Consequently, we conclude that AS 12.30.040(b), to the extent that it distinguishes between violent and dangerous offenders similarly situated, violates the Alaska Constitution as well as the United States Constitution. The legislature may certainly deny post-conviction bail to dangerous offenders, but if it does so, it must act in an evenhanded manner.

This case is reversed and remanded for the limited purpose of providing a bail hearing to Mr. Griffith. We express no opinion regarding how AS 12.30.040(a) should be applied to this case, nor do we express any opinion regarding an appropriate bail or the appropriate conditions of any possible release. The limited remand shall not be deemed a postponement of any obligation of any party in connection with the appeal now pending on the merits.

REVERSED and REMANDED.

COATS, Judge, concurring.

I agree with the majority that the equal protection clause requires that legislation which restricts bail pending appeal must treat people who are similarly situated similarly. I also agree that the proper test for this court to apply in evaluating such legislation is the rational basis test. I would emphasize, however, that in my view, the equal protection clause does allow the legislature a considerable amount of discretion in determining which offenses should give rise to the right to bail. However, having said that, I have a great deal of difficulty justifying the legislature's decision to restrict bail pending appeal after a conviction for robbery in the first degree while allowing bail pending appeal after a conviction for murder in the second degree. Therefore, I concur in the decision.

---

**9.** In other jurisdictions which have upheld bail pending appeal statutes, all crimes of a class, which were otherwise treated with equal severity, were included in the statute. *See, e.g., United States ex rel. Fink v. Heyd*, 287 F.Supp. 716 (E.D.La.1968), *cert. denied*, 396 U.S. 895, 90 S.Ct. 192, 24 L.Ed.2d 172 (1969) (state provision which effectively denied bail to all persons convicted of a felony and sentenced to at least five years in prison upheld); *Gold v. Shapiro*, 62 A.D.2d 62, 403 N.Y.S.2d 906 (1978), *aff'd*, 45 N.Y.2d 849, 410 N.Y.S.2d 68, 382 N.E.2d 767 (1978) (post-conviction denial of bail provision held constitutional where entire subclass of drug felons treated equally). Similarly, the Supreme Court of Alaska has upheld differential class treatment of prison escapees where all members of the class received identical treatment. *Alex v. State*, 484 P.2d 677 (Alaska 1971).