**Karl C. MORGAN, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE,
Appellee.**

**No. 6061.**

Court of Appeals of Alaska.

April 22, 1982.

Donald D. Hopwood, Kay, Christie, Fuld, Saville & Coffey, Anchorage, for appellant.

David G. Berry, Municipal Prosecutor, and Theodore D. Berns, Municipal Atty., Anchorage, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

---

OPINION

COATS, Judge.

Karl C. Morgan appeals to this court from his conviction and sentence for driving while intoxicated, in violation of AMC 9.28.-020(A). Morgan first contends that the ordinance and the instructions of the court violated his right to due process of law because neither the ordinance nor the instructions specified the intent which was a necessary element of the offense. Morgan filed a pretrial motion to dismiss the charges against him on the ground that the ordinance violated his due process rights by not requiring criminal intent. This motion was denied by the court. At trial the judge instructed the jury on intent as follows:

In the crime charged in this complaint, there must exist a union or joint operation of act or conduct and criminal intent. To constitute criminal intent it is not necessary that there should exist an intent to violate the law. Where a person intentionally does that which the law declares to be a crime, he is acting with criminal intent, even though he may not know that his act or conduct is unlawful.

■ We hold that the trial court did not err in refusing to dismiss the charges against Morgan, at least as to the offense of driving while under the influence of intoxicating liquor, which is the section of the ordinance under which Morgan was convicted. AMC 9.28.020(B)(1). The trial court's instruction on criminal intent requires intentional conduct. This implies, at a minimum, that Morgan could only be convicted under this instruction if he intentionally consumed alcohol and intentionally drove his car. We believe that the court's instruction construed the ordinance to provide for sufficient criminal intent to avoid any unconstitutional application to Morgan. *See State v. Rice*, 626 P.2d 104, 108 (Alaska 1981).

■ Morgan also argues that the ordinance should be construed to require a defendant to know that he is under the influence of intoxicating liquor before he can be found to have violated the ordinance. We do not believe that a person who intentionally drinks and intentionally drives must be aware that he is under the influence of alcohol in order to be convicted under AMC 9.28.020(B)(1). It certainly does not make sense to allow a defendant to claim that his intentional consumption of alcohol impaired his ability to know that he was intoxicated. It does make sense to require a person who drinks and drives to be responsible for not drinking to the point where he is under the influence of alcohol. He should drive at his peril rather than only at the public's peril. We find no due process violation.

■ We also find the trial court did not err in giving the instruction on criminal intent. Morgan did not object to this instruction. We do not find plain error.

■ Morgan next argues that the breathalyzer results were improperly admitted into evidence because the breathalyzer calibration documents did not comply with Alaska Evidence Rule 902. The municipality concedes that the breathalyzer calibration documents did not comply with the evidence rule, but has indicated that it can bring the documents into compliance. We have decided that an appropriate remedy is to remand the case to allow the municipality to establish the authenticity of the breathalyzer documents. We have concluded that Morgan was not unfairly harmed by admission of the calibration report and other breathalyzer documents, assuming their authenticity can be shown by compliance with Rule 902 at this time. First, the documents in question do substantially comply with Rule 902(2) and may comply with Rule 902(4). Second, admission of these documents did not preclude Morgan from disputing the authenticity of the documents or of the breathalyzer test before the jury as a factual matter. *See* Commentary to Alaska R.Evid. 902, ERC 277. Given these factors, we see no reason to bar the municipality from establishing the foundational requirements for the documents at this time.

■ Morgan also raises two issues concerning his sentence. He first argues that the court improperly relied on his high

breathalyzer reading in imposing sentence. Morgan argues that the breathalyzer documents were inadmissible hearsay because of the alleged Evidence Rule 902 violation. He also argues that it is impossible to tell from the record whether the jury accepted or rejected the breathalyzer evidence and that the court therefore should not have admitted this evidence. Assuming that on remand the municipality establishes a proper foundation for admission of the breathalyzer results under Evidence Rule 902, we find the judge did not err in considering the breathalyzer evidence. Properly admitted breathalyzer evidence is sufficiently verified to be admissible for purposes of sentencing. *See Nukapigak v. State*, 562 P.2d 697 (Alaska 1977). We have formerly decided that the trial judge can consider sufficiently verified evidence even though it is not clear whether the jury accepted or rejected the evidence. *Huckaby v. State*, 632 P.2d 975, 976 n.2 (Alaska App.1981).

Finally, Morgan argues that the trial judge erred in ruling that he had no authority to suspend revocation of a driver's license for a conviction for driving while intoxicated under the municipal ordinance. We do not need to decide this issue. The trial judge stated that even if it had been within his power to suspend the revocation of Morgan's license, he would still have revoked Morgan's license. It therefore seems clear that the legal issue which Morgan raises had no effect on the sentence which was imposed. We therefore conclude this issue is moot.

We remand the case to allow the municipality to authenticate the breathalyzer documents. In the event that the breathalyzer documents are properly authenticated, the conviction and sentence are affirmed. In the event the breathalyzer documents are not authenticated, Morgan may apply to the trial court for appropriate relief.

The case is REMANDED.