James K. KOTELES, Appellant,

v.

STATE of Alaska, Appellee.

No. 6782.

Court of Appeals of Alaska.

April 1, 1983.

Susan Orlansky, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Charles M. Merriner, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

James Koteles entered a guilty plea to the offense of second-degree burglary, AS 11.46.310(a). Koteles had prior felony convictions for robbery in 1973 and burglary in 1977 which subjected him to presumptive sentencing as a third-felony offender. AS 12.55.145. Koteles was sentenced to the three-year presumptive sentence for a third-felony offender.

On appeal Koteles argues that the presumptive sentencing provisions unduly restrict judicial discretion because they prevent the court from giving less than the presumptive sentence unless the court finds statutory mitigating factors under AS 12.-55.155 or extraordinary circumstances under AS 12.55.165. He contends that this restriction violates the separation of powers doctrine and article I, § 12 of the Alaska Constitution.[1] In particular, Koteles objects that AS 12.55.155(g) prevented the court from considering as a mitigating factor his problems with alcohol abuse as they related to his rehabilitation.[2] We do not find that the presumptive sentencing provisions which were applied in Koteles' sentencing violated article I, § 12 or infringed upon the separation of powers. We decided these issues in *Wright v. State,* 656 P.2d 1226 (Alaska App., 1983), and *Nell v. State,* 642 P.2d 1361, 1367–70 (Alaska App.1982).

Koteles also argues that the legislature acted irrationally in discriminating between first offenders and repeat offenders for purposes of presumptive sentencing. Koteles concludes that this irrational discrimination violates his right to equal protection under the state and federal constitutions[3] and deprives him of substantive due process. He relies on *Griffith v. State,* 641 P.2d 228 (Alaska App.1982). We reject this frivolous argument.

Koteles raises three objections to his sentencing. First, he contends that the trial court deprived him of his right to allocution. The record reflects that Koteles testified at the hearing. The court heard his testimony, the arguments of his counsel and then imposed sentence. The trial judge belatedly realized that he had failed to give Koteles a right of allocution. He then offered Koteles the right, candidly pointing out that Koteles was subject to presumptive sentencing and that there was nothing that Koteles could say that could affect the outcome. Koteles then waived allocution, mentioning that had the court given him timely allocution, he would have had something to say in addition to his former testimony. The trial court then offered to recuse and allow sentencing to proceed before another judge. Koteles declined this offer. The judge then vacated the sentence and postponed sentencing to a later time. At the later hearing Koteles made allocution and the court reimposed the same sentence. Koteles contends that this procedure denied him effective allocution. He asks that the sentence be vacated and remanded, apparently to the same judge, for resentencing. We decline to order this pointless operation. When through oversight the trial court denied Koteles allocution, the court had few options: it could hear allocution at that time, which Koteles declined; it could vacate the sentence and continue sentencing to a future time and hear allocution at that time; or it could apologize and ignore allocution. The trial court chose the second

---

1. Article I, § 12 of the Alaska Constitution states in part: "Penal administration shall be based on the principle of reformation and upon the need for protecting the public."

2. AS 12.55.155(g) states: "Voluntary alcohol or other drug intoxication or chronic alcoholism or other drug addiction may not be considered an aggravating or mitigating factor."

3. U.S. Const. amend. XIV; Alaska Const. art. I, § 1.

alternative, which seems reasonable under the circumstances. Koteles was not prejudiced, since he was subject to presumptive sentencing and the court had rejected his proposed mitigating factors prior to the time that it would have heard allocution. We note that the court also offered to recuse and permit sentencing to proceed before another judge, but Koteles rejected this option. Under the circumstances, we find no error.

▇ Finally, Koteles argues that the court erred in failing to find two mitigating factors: that the conduct involved in the offense was among the least serious included in the definition of the offense, AS 12.-55.155(d)(9); and, the defendant's crimes were insignificant and inconsistent with the imposition of a substantial period of imprisonment, AS 12.55.155(d)(13). The record reflects that Koteles' present offense occurred when he and his brother broke into a business establishment at night to steal money. Koteles was intoxicated at the time. The record reflects that Koteles' other two felonies, a robbery and another burglary, were committed at night while Koteles was intoxicated. Under these circumstances the trial court could find a pattern of potentially serious conduct when Koteles is intoxicated, and did not err therefore in finding that Koteles had failed to establish by clear and convincing evidence either of the mitigating factors. *See Wright v. State,* 656 P.2d 1226 (Alaska App., 1983).

The judgment of the superior court is AFFIRMED.

SINGLETON, Judge, concurring.

I agree with the court's disposition of the case. A few additional remarks are, in my opinion, necessary.

Koteles argues that presumptive sentencing violates article I, § 12 of the state constitution, which provides in relevant part that "[p]enal administration shall be based on the principle of reformation and upon the need for protecting the public." Koteles argues that this provision mandates that any sentence imposed upon him consider both his rehabilitation and community protection. He interprets presumptive sentencing as being aimed at retribution or, at the very least, community protection, and contends that it disregards rehabilitation. Consequently, he concludes it is unconstitutional. Koteles misunderstands the drafters' intent in enacting this constitutional provision.

As originally drafted, the relevant language appeared in proposed § 10 of the declaration of rights rather than § 12 and provided as follows: "The administration of criminal justice shall be founded on principles of reformation, and not vindictiveness." 6 Proceedings of the Alaska Constitutional Convention (Appendix V) 65 (December 15, 1955). This proposal was debated on January 5, 1956, and at the request of Convention Vice-President Ralph Rivers was amended to read: "The administration of criminal justice shall be founded upon the principle of reformation as well as upon the need to protect the public." 2 Proceedings of the Alaska Constitutional Convention 1308 (January 5, 1956).

The discussion that ensued establishes that the original provision was taken from the Indiana Constitution, *id.* at 1309. The present Indiana provision provides: *"Reformation as basis of penal code.—*The penal code shall be founded on the principles of reformation, and not of vindictive justice." Ind. Const. art. I, § 18.

Some delegates to the Alaska Constitutional Convention feared that adoption of this Indiana provision would preclude capital punishment. They were assured by the chairman of the committee that the Indiana Supreme Court had held to the contrary. 2 Proceedings, *supra,* at 1309.

The chairman no doubt referred to *Rice v. State,* 7 Ind. 332 (1855), *Driskill v. State,* 7 Ind. 338, 343 (1855), and *McCutcheon v. State,* 199 Ind. 247, 155 N.E. 544, 549 (Ind. 1927), where the Indiana Supreme Court found that community protection and reformation were included in the Indiana constitutional scheme and concluded that if either goal was furthered by a particular sentence, the sentence was constitutional. The court

determined that capital punishment could be found to serve the goal of general deterrence and thereby protect the public. *But see Adams v. State,* 271 N.E.2d 425, 431–33 (Ind.1971) (DeBruler, J., concurring and dissenting) (arguing that capital punishment is inconsistent with article I, § 18 of the Indiana Constitution), *modified,* 284 N.E.2d 757 (Ind.1972). In summary, it appears that the language chosen by the Alaska Constitutional Convention was intended to leave open the possibility of legislative authorization of capital punishment. Consequently, the Convention made explicit what the Indiana Supreme Court had found implicit in the predecessor provision, namely that a sentence which addressed either reformation or community protection would be constitutionally valid. If capital punishment is constitutional, *a fortiori,* presumptive sentencing is constitutional since presumptive sentencing is aimed at special and general deterrence of repeat offenders and the isolation of those repeat offenders who cannot be deterred or reformed. Thus, even if we assume that the presumptive sentencing scheme favors community protection over rehabilitation, it is not unconstitutional.

Nevertheless, a sentence of imprisonment, particularly for a multiple offender, may be necessary for his rehabilitation. *State v. Lancaster,* 550 P.2d 1257, 1259 (Alaska 1976). Consequently, we should not conclude that such a sentencing policy which requires a short period of imprisonment for those previously convicted of felonies is necessarily inconsistent with rehabilitation. Where it is, the legislature has provided a safety valve in the form of a reference to a three-judge panel. *See* AS 12.55.165–.175. I join in the court's conclusion that presumptive sentencing does not violate article 1, § 12 of the state constitution. *See Nell v. State,* 642 P.2d 1361, 1368–69 (Alaska App.1982).

The debates at the constitutional convention serve to refute Koteles' equal protection argument as well. He contends that no valid governmental purpose is served by treating repeat offenders more severely than first offenders. As the previous discussion indicates, general deterrence, special deterrence and reaffirmation of community norms,[1] serve the valid governmental purpose of community protection. By publishing the fact that repeat offenders in Alaska will go to prison, the code serves to discourage repeat offenses. Since a substantial percentage of criminal activity is the work of repeat offenders, this is a valid governmental purpose.

Koteles argues that drunks cannot be deterred, but as we noted in *Wright v. State,* 656 P.2d 1226 (Alaska App., 1983), those who drink knowing that they have committed crimes when drunk in the past, as well as those who drink knowing that they will be driving or handling weapons, commit a *malum in se* act by their drinking. This justifies punishment on that basis alone, when after they drink they engage in conduct harmful to others. *See Hendershott v. People,* 653 P.2d 385, 396–97 (Colo.1982) (self-induced intoxication is culpable conduct which constitutes *mens rea* making criminal an actor's harmful conduct when intoxicated). *See also Morgan v. Municipality of Anchorage,* 643 P.2d 691, 692 (Alaska App.1982) (intentionally drinking and driving establishes *mens rea* of driving while intoxicated). *Cf.* Model Penal Code § 2.08 commentary at 8–9 (Tent. Draft No. 9, 1959) (discussing principles of liability for intoxication). Widespread publicity that intoxication does not excuse crime in Alaska may well deter those who habitually get drunk and injure others from taking the first drink. If it does not, then isolation of those offenders will ensure that they harm no one during the period of their isolation.

---

1. *State v. Chaney,* 477 P.2d 441, 444 (Alaska 1970).