TROY ALBERT SLINKARD, Appellant, *v.*
THE STATE OF NEVADA, Respondent.

No. 20499

June 28, 1990                                      793 P.2d 1330

---

[1] We, of course, express no opinion or intend no inference concerning the validity of Boulder City's claims.

*Frederick B. Lee, Jr.*, Public Defender, Elko County, for Appellant.

*Brian McKay*, Attorney General, Carson City; *Mark D. Torvinen*, District Attorney, Elko County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count of driving with a blood alcohol level in excess of 0.10 percent, third offense, a felony. *See* NRS 484.379(1); NRS 484.3792(1)(c). The district court sentenced appellant to serve three years in the Nevada State Prison and to pay a fine of $2,000.

Appellant's vehicle left Interstate 80 between Elko and Wells, Nevada and overturned. A blood sample taken from appellant a few hours after the accident showed that he was intoxicated. Specifically, tests revealed alcohol levels of 0.178 and 0.179

percent in appellant's blood. At appellant's trial, the district court refused to allow appellant to testify regarding what appellant believed his blood alcohol level was at the time of the accident. Appellant contends that this was prejudicial error. Appellant asserts that the Nevada DUI statutes are premised upon the assumption that a person may know his or her blood alcohol level following consumption of certain amounts of liquor. Appellant argues that a person charged with DUI must have the ability to know his or her blood alcohol level, otherwise the DUI statutes would fail to meet constitutional requirements regarding notice of prohibited conduct.

The DUI statutes are not, however, premised on a person's knowing the exact percentage of alcohol in his or her blood. Consumption of a substantial amount of liquor is required to yield a blood alcohol level of 0.10 percent, and a person who consumes a substantial amount of liquor and then drives is on notice that he may be in violation of the DUI statutes. *See* Burg v. Mun. Ct. for Santa Clara Jud. Dist., 673 P.2d 732, 741-42 (Cal. 1983). Therefore, the DUI statutes provide sufficient notice of the prohibited conduct. *Id.* at 741. The DUI statutes are not unconstitutional because a person cannot know which sip of liquor will bring him past the 0.10 percent limit. *Id.* The district court properly found that appellant was not competent to testify regarding the percentage of alcohol in his blood and properly refused to admit such testimony. *Cf.* NRS 484.381(3) (defendant may introduce competent evidence regarding his blood alcohol level). Moreover, appellant was not prejudiced by the district court's refusal to admit the testimony, because appellant could not have overcome the presumption that his blood alcohol level at the time of the accident was at least as high as measured in a blood sample taken several hours later. *See* NRS 484.381(1).

Appellant further contends that the district court erred in finding that a person's mistake as to his blood alcohol level is not a defense to a charge of DUI. Specifically, appellant contends that he should have been allowed to present to the jury as a defense his good faith attempt to follow published rules as to how much alcohol a person may consume before he is too intoxicated to drive. Knowledge of one's intoxication is not, however, an element of the crime of driving while intoxicated, and absence of such knowledge is not a defense. *See* NRS 484.379. *See also* Morgan v. Municipality of Anchorage, 643 P.2d 691, 692 (Alaska Ct.App. 1982). Indeed, because consumption of alcohol can prevent a person from knowing he is intoxicated, accepting

appellant's contention could vitiate the DUI statutes. *See Burg,* 673 P.2d at 741.

Appellant's contentions lack merit. Accordingly, we affirm the judgment of conviction.